### 3569. OUTCAULT ADVERTISING CO. *v.* AMERICAN FURNITURE CO.

1. The execution of a contract for advertising, on behalf of an ordinary mercantile corporation, purporting to be signed by one as general manager, is sufficiently proved to authorize its introduction in evidence, when it is shown that it was signed by the person purporting to have signed it, and that he was in fact the general manager of the corporation. Further, if the person so signing was not the general manager, but signed as such in the presence of the president of the corporation and with his knowledge and consent, the corporation is prima facie bound.
2. Conflict in the testimony of the plaintiff's witnesses is not to be solved by nonsuit.

DECIDED DECEMBER 19, 1911.

Complaint; from city court of Atlanta—Judge Reid. March 20, 1911.

*Dorsey, Brewster, Howell & Heyman, Joseph D. Greene,* for plaintiff.

*Thomas & King,* for defendant.

POWELL, J. The plaintiff (a corporation) sued another corporation upon an account for the furnishing of certain advertising service. In support of its case the plaintiff offered in evidence a written contract, purporting to be signed by one Satterwhite, as manager of the defendant corporation. A witness for the plaintiff swore that Satterwhite was manager, that he, in fact, signed the paper, and that one Mr. Reid was present and directed the signing. It was shown by aliunde testimony that Mr. Reid was the

president of the defendant corporation. One of the defendant company's letter-heads was in evidence, and on this letter-head Reid appeared as president and secretary and Satterwhite as general manager.

Upon proof, direct or circumstantial, that Satterwhite was general manager, and that he signed the contract, its execution as the act and deed of the corporation was at least prima facie proved. *Raleigh & Gaston R. Co.* v. *Pullman Co.*, 122 *Ga.* 700 (50 S. E. 1008). If Satterwhite was not manager, but signed the contract on behalf of the corporation as such, and signed it in the presence of the president and under his direction, it would likewise have been, prima facie, the company's act. *Phillips* v. *Hudson*, 9 *Ga. App.* 779 (72 S. E. 178). It is true that Satterwhite and Reid were afterward put upon the stand by the plaintiff, and testified that Satterwhite was only a salesman in the defendant's place of business, and that he had signed the contract without any authority from the corporation, and that Reid was not present or consenting thereto. The fact that there is a conflict in the testimony of the witnesses introduced by the plaintiff is no reason for granting a nonsuit. The issue of fact, nevertheless, goes to the jury. This proposition has been so repeatedly stated by this court and the Supreme Court as to need no further elaboration here.

The court erred in excluding the written contract, and, having erred in this respect, the judgment awarding a nonsuit must be reversed. *Proctor & Gamble Co.* v. *Blakely Oil & Fert. Co.*, 128 *Ga.* 606 (57 S. E. 879).    *Judgment reversed.*