### 2974. PHILLIPS & CO. v. HUDSON.

1. A plea filed by a corporation to a suit on a note signed in the corporate name by its treasurer, which in general terms sets up that the note was not signed by an officer authorized to execute it, but in specific detail sets up that it was executed under the direction of the president of the corporation in pursuance of an agreement which the corporation had made, sets up no valid defense and is properly stricken on demurrer.

2. Where it is provided in a contract of employment that in addition to a stated salary the employer will give to the employee a certain percentage of the earnings of the business, the agreement as to the giving of the percentage of the net earnings is not a voluntary agreement, but is a contractual obligation resting on a valid consideration, and is enforceable.

DECIDED SEPTEMBER 30, 1911.

Complaint; from city court of Thomasville—Judge W. H. Hammond. September 26, 1910.

*Theodore Titus,* for plaintiffs in error.

*Smith, Hammond & Smith,* contra.

RUSSELL, J. Hudson was employed for the year 1906 by Phillips & Company, a corporation, at a stated salary. At the end of that year the president of the company informed him that the year had been prosperous and that the company had decided to give him, in addition to his earned salary, a bonus of $1,000, which was paid him in cash. (This, however, is not involved in the direct question now before us.) The president of the company then told Hudson that as to the year about to begin (1907) the company would give him, in addition to the stated salary he had formerly received, a bonus or "gift" of an amount equal to what would be the earnings of $5,000 worth of the capital stock of the com-

pany; and during the year 1907 this amounted to $1,976, which was entered to Hudson's credit on the books of the company. The understanding was that Hudson would not demand the cash for this amount, as the company was needing its money for other purposes. However, he was allowed to draw a portion of it in cash. It was then agreed that the company would issue to Hudson $5,900 worth of its capital stock, taking in payment therefor the sum to his credit on the books of the company and Hudson's note for the difference; it being understood, however, that the stock was to be paid for out of the earnings. Later on the company fell into financial difficulties and a receiver was appointed. The receivership was a little later dissolved, and the company then took back from Hudson the stock, surrendered to him his note, and gave to him the note sued on, which represented the amount which had been credited on the original purchase price of the stock because of the amount standing to Hudson's credit on the company's books. Hudson sued on this note and the company defended on two grounds: (1) that the note was not the act of the corporation (an attempt at a plea of non est factum), because its treasurer who signed it in the company's name acted beyond his power in so doing; (2) that the note was nudum pactum. The plea set up all the facts stated above. The court struck it on general demurrer.

1. The so-called plea of non est factum was not sufficient. While it is alleged in general terms that the treasurer of the corporation had no authority to execute the note in behalf of the corporation, the specific facts recited show that it was in fact a corporate act and deed. Prima facie, the treasurer was a proper officer to sign for the corporation; the plea also avers that the note was given under the direction of the president of the corporation and in pursuance of the arrangement made by the corporation itself, under which Hudson was to surrender his stock.

2. That the note was not without consideration seems to be manifest. Even if the surrender of the stock can not be treated as the true consideration, and if we look upon the note as representing the sum which was placed to the credit of the plaintiff on the defendant's books as a bonus in addition to his regular salary for the year 1907, still it is not nudum pactum. The promise to pay the definite bonus (i. e. a percentage of the company's earnings) in addition to the stated salary, being made concurrently with the

contract for the plaintiff's services for that year, was not a mere voluntary promise. The so-called bonus was not, in legal essence, a gift at all, but was merely extra compensation, to be determined by something to be ascertained in the future. Such a promise, made at the beginning of the employment, is enforceable, though it would not be if made pending the term or after performance was complete. See *Haag* v. *Rogers,* ante, 650 (72 S. E. 46), distinguishing *Davis* v. *Morgan,* 117 *Ga.* 504 (43 S. E. 732, 61 L. R. A. 148, 97 Am. St. R. 171).                    *Judgment affirmed.*