25583. CARY *v.* NEEL *et al.*

DECIDED NOVEMBER 28, 1936. REHEARING DENIED DECEMBER 12, 1936.

*Roy S. Drennan,* for plaintiff in error.

*William G. McRae, Samuel S. Wiley,* contra.

SUTTON, J. The plaintiff filed suit against three defendants as copartners. One of the defendants demurred to the petition, and to the judgment overruling certain grounds of his demurrer this defendant excepted, naming the plaintiff and the other two defendants as defendants in error. Properly construed, the allegations of the petition resolve themselves into this case: The plaintiff and the defendants, who as partners owned and operated a sand and gravel quarry, entered into an agreement whereby the defendants employed the plaintiff for one year to promote the sale of their gravel to be used in the construction or maintenance of

roads in the State highway system, and on any other projects which the plaintiff might specifically promote, for which he was to receive, as compensation for his services, five cents per ton on all of the gravel so used, as and when estimates were received by the defendants on any projects on which such gravel was used, by an assignment, covering the sums due, to the treasurer of the State Highway Department. Thereupon the plaintiff, within a year from the date of the alleged contract, effected the sale of certain of said gravel, the same being used upon highways in four named counties of this State, on which the plaintiff was entitled to commissions amounting to $5646.34, as per itemized statement attached to the petition. This statement showed that the greater portion of the gravel was sold to three different contractors, and that the remainder was sold to the State Highway Department, all of the gravel being used on roads on the Georgia highway system. The defendants paid the plaintiff $1000 of this sum, but are due him the balance thereof, for which this suit is brought. The contract is attacked by demurrer on the ground that it is contrary to public policy. "A contract which is against the policy of the law can not be enforced; such are contracts tending to corrupt legislation or the judiciary, contracts in general in restraint of trade, contracts to evade or oppose the revenue laws of another country, wagering contracts, contracts of maintenance or champerty." Code, § 20-504. Of course, agreements to procure, by bribery or secret influences, a government contract from an officer charged with the letting or making of the same, are against public policy. Crocker v. U. S., 240 U. S. 74 (36 Sup. Ct. 245, 60 L. ed. 533), 13 C. J. 435. Contracts for the employment of agents to negotiate sales to, or to procure contracts with, the government, where the accomplishment of such object is to be brought about by the use of personal influence with an officer of the government, are universally held to be illegal. 13 C. J. 435. The contract in this case is silent as to the method and means to be employed, but is merely to employ the plaintiff to sell or promote the sale of the defendants' gravel to be used on roads of the Georgia highway system, for which he was to be paid five cents per ton on the gravel so used. It is the right of all persons to be properly heard before any department of the State through agents. Any firm selling gravel for use upon State highways should have

the right to hire an agent to appear in their behalf before the State Highway Department using the same, and to represent them in their legitimate efforts to sell their product to the government. There is nothing in the petition indicating that the portion of the gravel sold to the State Highway Department was not to the best interest of the department. It does not appear that there was any design or purpose to prejudice the public interest, or improperly to influence in any manner the State Highway Department or any of the officers or employees thereof. Nor does it appear that the use of the gravel at the price charged, or in the manner to be sold, was inconsistent with the best interest of that department and of the State. Agreements to procure contracts from governmental departments by the use of improper influence or methods, which would lead to inefficiency in the public service and to unnecessary expenditure of public funds, are against public policy. But nothing of this kind appears from the allegations of the petition, nor does it appear that the plaintiff was to use his personal influence with any officer of the State Highway Department in effecting the sales of the defendants' gravel. Besides, it appears from the itemized statement of account that only a portion of the gravel, the sale of which the plaintiff claims to have effected, was sold to the State Highway Department, a great portion of the same having been sold to independent contractors and used on the roads on the State highway system. The court did not err in overruling this ground of the demurrer. The petition was not subject to demurrer on the grounds that the contract was too vague, indefinite, and uncertain to be enforced, that it was in violation of the statute of frauds, and that it was unilateral and for that reason could not be enforced. The court did not err in overruling the demurrers.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*