28376. MOSTELLER *v.* MASHBURN.

Decided December 3, 1940. Rehearing denied December 17, 1940.

96

*Robert L. Hodges, Finley & Henson,* for plaintiff in error.
*C. C. Pittman, R. C. Pittman,* contra.

STEPHENS, P. J. (After stating the foregoing facts.) It is one of the essential elements of a contract that the undertaking and the promises expressed therein must possess such degree of definiteness and certainty as to be capable of ascertainment. This may be determined, not only by the express terms of the contract, but by the circumstances under which the contract is made, and what may at the time have been in the minds of the parties and so understood by them. Where there is a contract for the performance of services by one party, in consideration of the payment of money therefor by the other party, the nature and character of the services to be performed and the amount to be paid therefor must be of such a character that it can be ascertained what services are to be performed, and what sum of money is to be paid therefor. In the alleged contract the plaintiff, according to the evidence tending to establish the contract, was generally, in addition to his duties and obligations as tenant of the defendant, to rehabilitate the land by making it more productive and to look after the buildings on the land, care for the forests, and assist the defendant in effecting a sale of the property, in consideration of the payment by the defendant to the plaintiff of from "four thousand to five thousand dollars" when the property should be sold. There was no specification with any degree of definiteness or certainty as to any specific things to be done by the plaintiff in rehabilitating the prop-

erty, and looking after the buildings and forests, etc. Nor was there any definite time limit in which these services were to be performed. There was no certainty in the promise of the defendant to pay for the services to be rendered by the plaintiff. The promise was to pay from four thousand to five thousand dollars, and this was only upon the contingency that the property was sold.

If this were a bilateral contract, that is, a contract under which the plaintiff agreed to perform the services which he contended he was to perform in consideration of a promise of the defendant to pay therefor, and a promise on the part of the defendant to pay the plaintiff, in consideration of the plaintiff's promise to perform, the contract would hardly be enforceable. If the plaintiff had refused to perform and the defendant had sued for the breach, or if the plaintiff had undertaken to perform and the defendant had contended that the performance was not in accordance with the terms of the contract, and the defendant had sued the plaintiff for a breach thereof, he could not have established a breach because it would have been impossible for him to establish with any degree of definiteness or certainty just what services the plaintiff had been called on to perform under the contract. If the defendant could not have held the plaintiff to a performance of the contract as a bilateral obligation, then certainly the plaintiff could not have held the defendant.

If the contract, however, was not bilateral in character, i. e., if the plaintiff had not made any promise to perform but had actually performed, as he contends, those things the performance by him of which were to be a consideration for the defendant's promise to pay from four to five thousand dollars, there could possibly then be established with some degree of certainty and definiteness the things which the plaintiff had actually performed. The performance by the plaintiff would then have amounted to no more than an acceptance by him of the defendant's promise to pay. We would then have a unilateral contract with execution or performance by the plaintiff and a promise to pay by the defendant. As to the defendant's promise, which itself was indefinite, it was not to pay a definite sum. It was made before the plaintiff had performed any services, and was not made in consideration of the performance by the plaintiff of any definite services to be performed by him, and which were at the time capable of definite ascertainment. The

defendant's promise to pay, if it could be construed as a definite promise, can not be held to be a promise to pay for the services actually performed afterwards by the plaintiff, although these services can be ascertained with definiteness and certainty. Therefore the performance by the plaintiff of the services actually performed, in so far as they are definitely ascertained, can not be considered as performed in consideration of the original promise made by the defendant to pay any sum of money, certainly not to pay an indefinite sum, as from four to five thousand dollars. If the plaintiff performed definite and ascertainable services of the general character of those originally described and contemplated by the parties and the defendant had expressed a willingness to pay therefor, there would arise a unilateral contract by which, upon performance by the plaintiff of the services which he did perform, he would be entitled to recover of the defendant the reasonable value thereof. The plaintiff is not as a matter of law entitled to recover for the services performed the sum of $4000.

It appears from the evidence that when the alleged contract was made, as alleged and contended by Mashburn, Mosteller was to pay the plaintiff $4000 to $5000 if the plaintiff rehabilitated the premises, performed other services, and assisted in the sale of the property. Mosteller had recently sold the property to another person (Tomlinson) for $50,000, but had taken the property back. The jury could infer from the evidence that under the alleged agreement it was in the minds of the parties that the place would be improved in appearance to the extent that it would likely sell for $50,000, and that when Mosteller made the offer to pay Mashburn upon a resale of the property from $4000 to $5000 it was in the contemplation of the parties that the property would sell for something like $50,000, and that in such event the services to be performed by Mashburn would be worth in quantum meruit $4000 to $5000. There was no promise to pay a definite sum. Therefore it can be reasonably inferred from all the facts and circumstances that it was in the minds of the parties that if the property would sell for something like $50,000 the quantum meruit value of the services of Mashburn would be estimated somewhere between $4000 and $5000. Taking into consideration all the facts and circumstances in the case it can not be held as a matter of law that Mosteller was under contract to pay the definite sum of $4000 for the services

which the jury might find had been rendered by the plaintiff. The fact that Mosteller never at any time promised to pay any definite sum for the performance of any services by Mashburn is itself sufficient to defeat any right in Mashburn to recover on any promise by Mosteller, as alleged by the plaintiff in his petition and as charged by the court, the sum of $4000.

The above is based on the evidence adduced by Mashburn in support of the allegations of his petition relatively to his alleged contract. Mosteller denied the contract and a promise to pay. The court erred in instructing the jury that if they found that the parties had entered into a contract as alleged by the plaintiff and that the plaintiff had performed the contract as agreed by him and was entitled to recover, he would be entitled to recover $4000. The jury having rendered a verdict for $4000 with interest, this error of course demands the grant of a new trail.

The exceptions to the charge taken in several grounds of the amended motion to the effect that the court, in stating the contentions of the plaintiff, failed to state all the contentions, is without merit, since the court in charging the jury the contentions of the plaintiff specifically stated that he was not charging all his contentions, and that the jury could look to the pleadings to ascertain the contentions of the plaintiff in full, where, as in this case, the contentions were simple and not complicated. It follows that the court erred in overruling the motion for new trial.

*Judgment reversed. Sutton and Felton, JJ., concur.*