33316. HARRELL *v.* DEARISO.

DECIDED DECEMBER 5, 1950.

*Hoyt H. Whelchel, Peter W. Walton,* for plaintiff in error.
*Emory M. Hiers, L. L. Moore, R. Lamar Moore,* contra.

GARDNER, J. It does not appear from the plaintiff's petition that he was a broker, engaged in the business of selling property. On the other hand, it does not appear that he was not such a broker and licensed to sell on a commission basis. The petition is

not subject to general demurrer in that it was not alleged therein that the plaintiff was a duly licensed broker and agent to sell property for others. It is contended that the petition does not show that a contract existed between the parties on which the plaintiff can recover the sum of $1000. The plaintiff asked the defendant if he wanted to sell his cafe and the defendant said that he did and would sell it for $11,000, and further said that the plaintiff could have "all over the sum of $11,000" which he received therefor. The defendant then requested that the plaintiff show Clark, the prospective buyer, around the cafe, which the plaintiff did, and then the plaintiff introduced the defendant to Clark, and left the cafe, leaving Clark and the defendant together.

As against a general demurrer, the petition sets out a contract between the plaintiff and the defendant for the sale of the cafe for the sum of $11,000 net to the seller, the plaintiff to be entitled to all which the seller received over and above this sum of $11,000; and when the plaintiff talked with his prospective purchaser, stating to him that the restaurant could be bought for $12,000, such prospective purchaser said that he would pay that sum, and then the plaintiff informed the defendant that he had a prospective buyer for the cafe for $12,000, and the defendant told the plaintiff to show the cafe to such prospective buyer, which the plaintiff did, then the seller was due the $1000 as a broker's fee. Thereafter, the sale was completed and the cafe sold by the defendant to this buyer for $12,000, which was $1000 more than the defendant stated to the plaintiff that he would take net for the cafe. The plaintiff requested that the defendant pay to him this difference of $1000, and the defendant refused to do so. As against the general demurrer, the petition shows a contract between the plaintiff and the defendant for the sale of this cafe, and that the plaintiff completed his part of the contract, and that as a result thereof the defendant sold the cafe and received $11,000, and he received $1000 in addition, which he had agreed to pay the plaintiff. See generally *Gilmer* v. *Carnes*, 81 *Ga. App.* 555 (59 S. E. 2d, 292). The fact that the plaintiff, after procuring the purchaser and securing an understanding as to the price to be paid by the buyer, left the buyer with the seller, evidently to talk over the trade and work

out any little details thereof, indicates that the plaintiff had fully performed his contract, and if the sale was completed, he would become entitled to the sum of $1000. The principle of law as laid down in *Mutual Benefit Health &c. Assn.* v. *Hulme,* 57 *Ga. App.* 876 (197 S. E. 85), and in *Nutting* v. *Wilson,* 75 *Ga. App.* 148, 152 (42 S. E. 2d, 575), and citations therein, that "When a plaintiff's right to recover on a contract depends upon a condition precedent to be performed by him, he must allege and prove the performance of such condition precedent, or allege a sufficient legal excuse for its non-performance," is not contrary to what we here hold. In the case at bar, the plaintiff's right to recover depended upon his procuring a purchaser, accepted by the defendant, willing to pay and who did pay more than $11,000, and this the plaintiff did. The fact that the plaintiff "left the prospective buyer and the defendant so that negotiations between the two could be carried on privately" does not relieve the defendant of his obligation to pay the plaintiff the difference between the $11,000 which he asked for the cafe and the amount which he did receive, $12,000. This did not constitute a failure of the plaintiff to perform his contract in full. It does not appear that the plaintiff merely procured a prospective buyer and that as a result of private negotiations between the seller and the buyer the trade was consummated. There is nothing in *Schmidt* v. *Mitchell,* 117 *Ga.* 6 (4) (43 S. E. 371), to the contrary of what is here ruled. This contract was not so uncertain and indefinite as to be incapable of ascertainment. The plaintiff finally found a buyer for the defendant's cafe. He inquired of the defendant if the defendant wanted to sell. The defendant replied that he did, and stated that he wanted $11,000 for the cafe, and that the plaintiff could have all above $11,000 for which the cafe sold. The plaintiff contacted the prospective buyer and informed him that the cafe could be purchased from the defendant for $12,000. The buyer agreed to this and the plaintiff informed the defendant thereof. The defendant said to the plaintiff, "Show him the cafe," and this the plaintiff did. He left the parties together, and the cafe was sold and delivered by the defendant to the buyer for $12,000. The contract was simple in its terms and had been fully performed by all parties, except that the defendant refused to pay the $1000, received by

him above the $11,000, which he asked for his cafe over the purchasing price to the plaintiff. The principle ruled in *Weill* v. *Brown,* 197 *Ga.* 328 (29 S. E. 2d, 54), is not applicable here. The nature and character of the services to be performed by the plaintiff in order to be entitled to the difference between what he could obtain by a sale of the defendant's cafe and the $11,000 net desired by the defendant were not of such character that it could not be ascertained what services were to be performed and what sum of money was to be paid by the defendant therefor. See *Mosteller* v. *Mashburn,* 64 *Ga. App.* 92, 96 (12 S. E. 2d, 142). This contract is not so indefinite and lacking in mutuality as to be unenforceable because it failed to state any date as to those services. See *Pepsi Cola Company* v. *Wright,* 187 *Ga.* 723, 727 (2 S. E. 2d, 73), and *Prior* v. *Hilton & Dodge Lumber Co.,* 141 *Ga.* 117 (80 S. E. 559). The contract here has been fully performed except as to the payment to the plaintiff of the $1000 earned. The petition was not subject to the general demurrer, as urged by the defendant, because it failed to allege that the plaintiff made the sale of the property, citing *Garfunkel* v. *Byck,* 28 *Ga. App.* 651 (113 S. E. 95). In that case the salesman agreed to sell the property for the owner. Here the plaintiff undertook to obtain $11,000 net to the owner by a sale of his cafe, and this the plaintiff did and the $1000 was earned when the sale of the cafe for $12,000 was completed by the defendant and a buyer produced by the plaintiff. The terms of the contract did not provide that the plaintiff must make the sale, close the deal, make out the bill of sale, etc., but simply was to the effect that the plaintiff procure a sale of the property for $11,000 net to the owner, and where this was done and the sale consummated, the plaintiff would receive all over this sum received by the defendant for the cafe.

The petition was not subject to the general demurrer urged, and the trial judge did not err in overruling same. The verdict in favor of the plaintiff for $1000 is a second verdict for this amount.

It follows that the trial judge did not err in overruling the defendant's general demurrer, contained in the exceptions pendente lite and did not err in overruling the general grounds of the motion for a new trial.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*