22077. GEORGE v. CIGARETTE SERVICE CORPORATION.

HEAD, Presiding Justice. The plaintiff's petition seeking a temporary and permanent injunction against the defendant selling cigarettes upon his described premises by any means other than through the plaintiff's cigarette vending machine had attached to it as an exhibit, and made a part thereof, a copy of the contract between the parties upon which the plaintiff relied. The first clause recites: "In consideration of the sum of $125.00 dollars, which is to be applied against future commissions at the rate of _____ cents per package of cigarettes, etc." Subsequently it is provided: ". . . in the event that the above advance commissions are earned prior to expiration of said period, the commission thereafter earned at the above rate shall be paid monthly." It is further provided in the

contract that: "The commission rates hereinabove set forth are quoted on prevailing Federal, State and city cigarette excise taxes, current manufacturers' invoices, and permitted selling prices. In the event of a change in any of these factors, the parties hereto hereby agree to renegotiate said commission rates to the end that they share and share alike the financial effect of such change." The contract by its terms is too uncertain, vague, and indefinite to authorize the grant of the relief sought. It was error for the trial court to overrule the motions of the defendant to dissolve the temporary restraining order and dismiss the petition. *Code* § 81-302; *Richmond & Danville R. Co. v. Mitchell*, 95 Ga. 78, 82 (22 SE 124); *O'Connor v. Brucker*, 117 Ga. 451 (3) (43 SE 731); *Harbin v. Hunt*, 151 Ga. 60 (105 SE 842); *Goff v. National Bank of Tifton*, 170 Ga. 691 (3) (153 SE 767); *Blount v. Metropolitan Life Ins. Co.*, 192 Ga. 325 (2) (15 SE2d 413); *Gibbs v. Forrester*, 204 Ga. 545, 549 (50 SE2d 318); *Pearson v. George*, 209 Ga. 938, 946 (77 SE2d 1); *Bennett v. Rewis*, 211 Ga. 507, 509 (87 SE2d 52); *Nix v. Luke*, 96 Ga. App. 123 (99 SE2d 446).

*Judgment reversed. All the Justices concur.*

SUBMITTED JUNE 10, 1963—DECIDED JULY 12, 1963.

*Cassandra Maxwell*, for plaintiff in error.
*Smith, Field, Ringel, Martin & Carr, Ralph H. Hicks*, contra.