## 51042. MANAGEMENT SEARCH, INC. v. MORGAN.

PANNELL, Presiding Judge.

The plaintiff brought an action alleging that the defendant was indebted to him for bonuses, salary and commissions in the amount of $2,647.19 plus interest. This claim was reduced to $1,665.57 at the time of trial. The judge, hearing the case without a jury, entered judgment in favor of the plaintiff. The defendant appeals the judgment.

The evidence shows that appellee was employed by appellant from April 1971 to June 1974. Appellant and appellee entered a written contract of employment on November 8, 1971. During July and August, 1972, appellant offered bonuses to employees who produced a certain amount of commissions during the month. Appellee won bonuses in July and August, 1972, because of his production in the company. Appellee never received these bonuses, which were trips valued at $500 each. One thousand dollars of appellee's claim is the value of these two trips.

Appellee also claims that appellant was unjustly enriched in the amount of $665.57. Appellant is a professional recruiting and placement service business. When its employee places an individual with a company, the appellant receives a placement fee. Appellant pays a

percentage of this placement fee as a commission to the employee who makes the placement. The employee's commissions are computed as a percentage of the total amount of fees received through a particular employee over a three month period. The percentages increase as the amount of total generated fees increases. The contract of employment sets forth the provision for computation of commissions as follows: "In consideration of Employee's placement of individuals or applicants with any companies during his employment with Employer, Employer agrees to pay to Employee the following commission on all retained fees collected within a calendar three-month period as a result of the successful placement of said applicants by Employee: 30% up to $3,000; 35% from $3,000 to $6,000; 40% from $6,000 to $9,000; 45% from $9,000 to $12,000; 50% above $12,000. It is mutually agreed and understood that the payment of all earned commissions is contingent upon Employer's receipt of payment of such fees."

During the three month period October, November, December, 1972, appellee placed a Mr. Cabe with a firm. Appellant received a $2,250 fee for placement of Mr. Cabe. Appellee generated total fees in the amount of $12,422.83 during this three month period, which amount included the fee for the placement of Mr. Cabe.

During the first quarter of 1973, appellant returned the fee ($2,500) to the firm which hired Mr. Cabe, because Cabe had not remained with the firm the guaranteed thirty day period. Appellee's total fees generated for this three month period were $31,131, but appellant reduced this amount by the $2,250 before computing appellee's commission for the quarter.

Because the $2,250 was subtracted from the 1973 quarter, rather than the quarter in which the fee was generated, appellee received less total commissions. This resulted from the fact that the percentage used to compute commissions increased as the total fees generated increased; and appellee generated more fees in the first quarter of 1973 than in the last quarter of 1972. Appellee contends that appellant's failure to subtract the $2,250 from the quarter in which it was generated resulted in appellant's unjust enrichment in the amount of $665.57.

Appellant contends that *if* they were unjustly enriched, it was only in the amount of $81.35.

1. Appellant alleges error in the failure of the trial court to grant his motion for involuntary dismissal of appellee's claim in the amount of $1,000 for bonuses alleged to be due and in entering judgment for appellee in this amount. Appellant contends that a promise or offer to pay an amount in excess of commissions computed as provided in a pre-existing express contract of employment is unenforceable unless supported by additional consideration. Appellee has pointed to no evidence which would support a finding that appellee gave any more services than he had already contracted to produce. There was no evidence showing any change in the hours, services, or character of the work, or any other consideration to support the promise to pay a bonus.

". . . [C]ourts can not enforce promises binding on the conscience, except in those cases where some pecuniary damage flows from the breach, or where, in addition to the moral obligation, the promise is also supported by a legal consideration." *Davis & Co. v. Morgan,* 117 Ga. 504 (43 SE 732). "By definition, a bonus is something 'extra' for which no services are rendered, (see Webster's New International Dictionary), or, it is something in addition to ordinary compensation under an express contract which is usually added as an incentive." *Millican Elec. Co. v. Fisher,* 102 Ga. App. 309, 310 (116 SE2d 311). "'Where one undertakes to perform for another service or labor for a given sum, any amount paid in excess of that sum, not based upon a new consideration, is a mere gratuity.' *Willingham Sash &c. Co. v. Drew,* 117 Ga. 850 (45 SE 237). 'Such a promise, made at the beginning of the employment, is enforceable, though *it would not be if made pending the term* or after the performance was completed.' *Phillips v. Hudson,* 9 Ga. App. 779-781 (72 SE 178). . ." *Duncan v. Cone, Inc.,* 16 Ga. App. 253 (85 SE 203). (Emphasis supplied.)

Appellant's promise to pay a bonus to employees who produced over a certain amount of placement fees was made during the term of appellee's employment. Appellant and appellee had previously contracted for the performance of services by appellee for a stated

consideration. The payment of an amount in excess of this agreed upon commission, not based on any new consideration, was a mere gratuity. Accordingly, the trial court erred in enforcing appellant's bonus offer and in entering judgment for appellee in the amount of $1,000.

2. Appellant urges error in the court's finding that appellant was unjustly enriched in any amount. We cannot agree that this finding was error. The trial judge was authorized to find, from a consideration of the testimony or the written contract itself, that the appellant contracted to compute commissions by applying varying percentages to fees generated in a given quarter. The trial court was authorized to find that fees refunded to clients were to be deducted from the total of the quarter in which they were generated; appellant's failure to do so violated the terms of the contract and resulted in unjust enrichment to appellant.

3. Appellant and appellee disagreed as to the amount of such unjust enrichment. The trial court awarded the amount claimed by appellee, $665.57. Appellant argues that if it was unjustly enriched, said amount was limited to $81.35. We agree with appellant.

If the appellant had subtracted the $2,250 from the total fees generated during the last quarter of 1972 rather than from the fees generated during the first quarter of 1973, as appellee urges they should have done, the following would result: (1) The total fees generated by appellee during the last quarter of 1972 were $12,422.83. A reduction of this amount by $2,250 leaves $10,172.83; (2) Thirty percent of $3,000 equals $900/thirty-five percent of $3,000 equals $1,050/forty percent of $3,000 equals $1,200/forty-five percent of $1,172.83 equals $527.77; (3) The amount of commissions to which appellee was entitled in the last quarter of 1972 was $3,677.77; (4) Appellee produced $31,131 in total fees in the first quarter of 1973. Commissions on this amount equaled $14,065.50; (5) Appellant actually received $17,661.92 for commissions in these two quarters. He was entitled to receive $17,743.27. The difference in these two figures is $81.35.

We cannot determine any method of computation in

accordance with the terms of the contract which would support appellee's claim of $665.57. The trial judge erred in entering judgment on the claim of unjust enrichment in the amount of $665.57. Said claim should have been limited to $81.35.

*Judgment reversed. Quillian and Clark, JJ., concur.*

ARGUED SEPTEMBER 3, 1975 — DECIDED NOVEMBER 20, 1975.

*McClain, Mellen, Bowling & Hickman,* Arthur *Gregory, James G. Killough,* for appellant.
*Nick G. Lambros,* for appellee.