### 32383. BLACK et al. v. AMERICAN VENDING COMPANY, INC.

HALL, Justice.

This is an appeal by Carol and Don Black, proprietors of certain Hickory House restaurants, from orders of the Coweta County Superior Court dated April 7, 1977 and April 14, 1977, granting to the vending company an interlocutory and permanent injunction against the Blacks' interfering with the company's exclusive contract right to maintain certain vending machines on the restaurant premises for two years. Those orders also awarded the vending company specific performance of the contract, and reserved damages for a jury.

A hearing which was not transcribed was held on the

vending company's application for interlocutory injunction. In the April 7 order following this hearing the trial court failed to make the mandatory findings of fact and conclusions of law required by Code Ann. § 81A-152 (a). E.g., *Sanders v. Darnell,* 236 Ga. 604 (225 SE2d 23) (1976); *Haralson v. Moore,* 236 Ga. 131 (223 SE2d 107) (1976). Accordingly, this case must be remanded to the trial court for entry of appropriate findings and conclusions, without prejudice to the right of the losing party to file a new appeal.

The vending company argues that it is entitled to prevail on two theories: first, that a provision in the contract itself authorized injunction and specific performance to either party "in the event of a breach or a threatened breach of any of the covenants, or provisions of the Lease . . ."; and, second, that an equipment lease contract of this type is as a matter of law entitled to equitable enforcement. Neither contention is correct.

1. The trial court correctly decided that the contract provision in question was void and unenforceable. Parties cannot by contract compel a court of equity to exercise its powers in what is really an ordinary case at law. See Code Ann. § 37-804; *Bivings v. City of Atlanta,* 212 Ga. 654 (94 SE2d 735) (1956); *Brogdon v. Hogan,* 189 Ga. 244, 249 (5 SE2d 657) (1939); *Greer v. Pope,* 140 Ga. 743 (79 SE 856) (1913).

2. The general rule is that equity will not intervene where there is an adequate remedy at law. Code Ann. §§ 37-102, 37-120, 37-801; *Boatright v. Yates,* 211 Ga. 125 (84 SE2d 195) (1954). The vending company here has a remedy in damages for any breach by the Blacks of this contract. There is nothing in the record which would show that the company has taken itself out of the general rule that "when there is a mere breach of a personal contract, for which the defendant is liable in damages, and it is not shown that irreparable injury will result, unless the contract be specifically performed, a Court of Equity will not decree such specific performance." *The Justices &c. v. Craft,* 18 Ga. 473 (1885). The principle which will decide this issue is well stated in the headnote to *Carolee v. Handelis,* 103 Ga. 299 (29 SE 935) (1898): "As a general rule, equity will not decree specific performance of

contracts relating to personal property. In order to sustain a bill for the specific performance of such a contract, it is necessary to allege some good reason in equity and good conscience to take the case out of the general rule above stated."

The trial court's order in the instant case stated that plaintiff had no adequate remedy at law; but that was a mere conclusory statement, and no findings of fact were entered supporting that conclusion.

The trial court's reliance on *F. & W. Grand Five-Ten-Twenty-Five Cent Stores, Inc. v. Eiseman,* 160 Ga. 321, 322 (127 SE 872) (1925) as authorizing specific performance on the instant facts was erroneous. That case concerned real property, which the law regards as sufficiently unique that equity will enforce a contract for its sale or lease. Similarly, *Wofford Oil Co. v. Weems-Fuller Co.,* 166 Ga. 173 (142 SE 887) (1928) involved a land lease, and *Whiteway Neon-Ad, Inc. v. Maddox,* 211 Ga. 27 (83 SE2d 676) (1954) involved both a land lease and allegations of the uniqueness of the location for advertising Maddox' business.

Other cases cited by the vending company (*AA Music Service, Inc. v. Walker,* 221 Ga. 46 (142 SE2d 800) (1965) and *George v. Cigarette Service Corp.,* 219 Ga. 189 (132 SE2d 80) (1963)), were vending machine cases, but they were decided on the basis that the contracts involved were too uncertain for equitable enforcement. They ruled no more than that; they should not be read to imply that had the contracts not been fatally vague equity would have enforced them.

The vending company is not entitled to the relief it seeks as a matter of law; and there are no findings of fact showing its entitlement on the specific facts of this case. Therefore, the interlocutory and permanent injunctions were erroneously entered. The remaining enumerations of error may be mooted upon the trial court's reconsideration of the case.

The case will be remanded for the trial court to take further action not inconsistent with this opinion.

*Judgment reversed and remanded with direction. All the Justices concur.*

ARGUED JULY 11, 1977 — DECIDED SEPTEMBER 8, 1977.

*David R. Wininger,* for appellants.
*Glover & Davis, William E. Anderson,* for appellee.