## 54174. PINE VALLEY APARTMENTS LIMITED PARTNERSHIP et al. v. FIRST STATE BANK.

QUILLIAN, Presiding Judge.

Pine Valley Apartments, a limited partnership, defendants below, appeal from the judgment of the trial court denying their motion for judgment notwithstanding verdict. Pine Valley was formed for the purpose of constructing and operating an HUD apartment complex in Jefferson County, Georgia. On December 26, 1972 they executed and delivered to Kentucky Mortgage Company, a security deed and promissory note for $678,000 at 7% interest. The note was payble by payment of interest only from January 1973 until January 1974, and thereafter interest and principal until December 2013. The apartment complex and construction funding were scheduled for completion on September 28, 1973. Kentucky Mortgage assigned the note and security deed to First State Bank of Wrens, Georgia.

The nine months construction loan commitment expired and the apartment complex was far from complete. First State Bank called in the partners and a "Memorandum of Agreement," dated October 9, 1973 was executed which provided in part: "Whereas, the Bank was committed to advance funds to the Partnership for the completion of a housing project . . . and Whereas, said commitment expired on September 28, 1973. Now, Therefore, to induce the Bank to make the Partnership an additional advancement of $76,729.90, and to further induce the Bank to make an advancement of $———— around November 1, 1973, the Partnership

hereby agrees as follows:

1. The Partnership shall pay to the Bank the full indebtedness evidenced by said note and secured by said security deed including accrued interest at seven (7) per cent by November 30, 1973.

2. The Partnership further agrees that if for any reason whatsoever it fails or is unable to pay said note and security deed by November 30, 1973, that the Partnership will contribute and pay to the Bank such sums as to equal the difference between the (7) per cent interest called for in said note and *13* per cent interest which the Partnership acknowledges is the customary normal and prevailing rate of interest charged by lenders for construction loans at this time."

The bank advanced only the $76,729.90 and no other funds were requested by Pine Valley. Pine Valley did not repay the entire loan and note by November 30. First State Bank then assigned the note and security deed to Kentucky Mortgage and received the principal amount and 7% interest. Then they brought this action for the additional 6% interest called for in the "Memorandum of Agreement" for the period from December 1, 1973 until repayment of the loan. The jury found for the plaintiff bank in the amount of $56,751.66. The trial court refused Pine Valley's motion for judgment n.o.v. and they bring this appeal. We affirm. *Held:*

Pine Valley contends the "Memorandum of Agreement" is not enforceable. They argue that it is not a promissory note, a renewal of the original promissory note, or a novation. They further argue that if it is a contract, is it severable from the original promissory note, and if so — it is in an incomplete instrument, not providing for consideration, and unenforceable because "the amount of money involved" is not included in the incompleted space. They consider *AA Music Service v. Walker,* 221 Ga. 46 (142 SE2d 800) and *George v. Cigarette Service Corp.,* 219 Ga. 189 (132 SE2d 80) to control the result that should be reached in this case. We find both cases distinguishable and inapposite.

The memorandum of agreement contains all the essentials of a contract. See Code § 20-107. Consideration is present. The plaintiff bank was induced to advance

$76,729.90 that would not have been forthcoming under the old agreement as the loan commitment term had expired on September 28, 1973. Neither do we consider the incomplete portion referring to any additional advancement to be fatal to the instrument.

It is evident that both parties intended for additional advancement of monies to be supplied if necessary. The record does not reveal that any additional advance of monies was requested. We consider this instrument to be a fully executed contract. Blanks in instruments may be rejected as surplusage if the parties so intended, and that intent must be gathered from the surrounding circumstances attending the complete transaction. See 17 CJS 742, Contracts, § 65. The issue of intent here was submitted to the jury. They found for the plaintiff. There is sufficient evidence of record to support the finding that the option of the borrowers to request and receive additional funds was never exercised.

A contract which, by its terms, is too uncertain, vague, and indefinite, to authorize the grant of the relief sought, is unenforceable. *AA Music Service v. Walker,* 221 Ga. 46, supra. However, "[e]ven though the parties have expressed an agreement in terms so vague and indefinite as to be incapable of interpretation with a reasonable degree of certainty, they may cure this defect by their subsequent conduct (p. 453) . . . Actual performances under a general indefinite arrangement may . . . make the general arrangement an enforceable contract." 1 Corbin on Contracts 453, 457, § 101. Professor Corbin goes further and states: An "agreement that is unenforceable against either promisor by reason of the vagueness . . . has been held to become enforceable . . . when the party making the vague promise renders a definite and complete performance." 1 Corbin on Contracts 614, § 143.

Georgia law, though not as explicit, comports with Professor Corbin's assessment. This court held in *Mimms v. Betts Co.,* 9 Ga. App. 718 (1) (72 SE 271), that even though a contract "may be lacking in mutuality or definiteness, on account of the uncertainty . . . still when that party has . . . entered into performance of the contract, and the other party has accepted . . . as fulfilling the terms of the proposal, the contract becomes mutual,

binding, and enforceable." Accord, *Self v. Smith,* 98 Ga. App. 876, 882 (107 SE2d 721); cf. *McMurray v. Bateman,* 221 Ga. 240, 253 (144 SE2d 345). "The law leans against the destruction of contracts on the ground of uncertainty." *Pierson v. General Plywood Corp.,* 76 Ga. App. 853, 855 (47 SE2d 605). This appears to be the general rule. "A contract which is originally and inherently too indefinite may later acquire precision and become enforceable by virtue of the subsequent acts, words, or conduct of the parties . . . Thus, the objection of indefiniteness may be obviated by performance and acceptance of performance." 17 AmJur2d 418, Contracts, § 78. The Supreme Court, taking a pragmatic approach, in *Harris v. Amoskeag Lumber Co.,* 97 Ga. 465 (25 SE 519), held that although the two parties attempted to contract by correspondence, they "did not, however, quite accomplish this result . . . although it is manifest from the evidence as a whole that both parties treated this correspondence as a complete and binding contract between them, and that the defendant acted upon it by taking and using the timber. . ." Id. p. 466. They concluded: "Upon the strength of the correspondence, the defendants cut and used the timber, and they ought to pay for it at the price mentioned in the letters (there being no disagreement as to price). . ." Id. p. 471.

The same rationale applies in this case. Both parties left a part of the contract incomplete to permit the defendants to borrow additional funds. Having received the funds contracted for and not applying for more, the contract being executed without any disagreement as to price, any indefiniteness was cured by complete performance, and having received the benefits under the contract defendant should pay the sum he contracted to pay.

We find no merit to defendants' enumerations of error.

*Judgment affirmed. Shulman and Banke, JJ., concur.*

Argued July 11, 1977 — Decided September 9, 1977.

*Sanders, Hester, Holley, Askin & Dye, William J. Williams,* for appellants.
*Wallace H. Pilcher,* for appellee.