## 64063. TOUCHE ROSS & COMPANY v. DASD CORPORATION.

DECIDED MAY 26, 1982.

*Daniel S. Reinhardt, William N. Withrow, Jr.,* for appellant.
*F. Carlton King, Sr.,* for appellee.

DEEN, Presiding Judge.

1. The test of an enforceable contract is whether it is expressed in language sufficiently plain and explicit to convey what the parties agreed upon. *West v. Downer,* 218 Ga. 235, 241 (127 SE2d 359) (1962). The parties here agreed (1) Touche Ross & Co. (Touche) had a contract with the Georgia Division of Vocational Rehabilitation to develop and implement a client information system. (2) Touche agreed to employ the services of DASD to assist in this project. DASD agreed to complete the computer programming and testing for the project's General System Design and Detailed System Design, to participate in the design phases to the extent of nine man-days for the General and 62 man-days for the Detail System Designs, and to

correct program errors for a period of nine months after acceptance, "detailed tasks [to] be mutually agreed between [the parties] as the work progresses." (3) Total price for this work is $65,865. (Details of time and amount of invoices and payments are stated.) (4) The contract to begin March 26, 1979, and terminate December 31, 1980, or on prior completion.

The trial court held the contract to be so vague and indefinite that a definition of complete performance would be impossible, citing *Weill v. Brown,* 197 Ga. 328 (29 SE2d 54) (1944) to the effect that in such a case even complete performance would not infuse life into the void contract. Performance was in fact entered into when the work of computer programming was begun around January 7, 1980, and continued until April 25, 1980, at which time DASD walked away from the job. Also, Touche was during that time billed for approximately one half of the contract price.

It is clear from the contract that Systems Designs were at the center of the programming, which involved development and implementation of a client information system; that they could not have been finished at the time this contract was signed because DASD was to participate in the design phases of the General System and the Detail System, and that there was contemplated an overall program for developing and storing information as to a group of people serviced by the Vocational Rehabilitation Department. To the serene outsider, including the judges of this court, it must be admitted that such terms as General and Detailed Systems Design convey little. Nevertheless, "Ambiguities in terms used in written contracts, and their meanings as understood ... by the ... contracting parties, may be explained by parol proof ..." *Harris & Co. v. Vallee & Co.,* 29 Ga. App. 769 (4) (116 SE 642) (1922), as quoted in *Pace Const. Corp. v. Houdaille-Duval-Wright Div., Houdaille Ind.,* 247 Ga. 367 (276 SE2d 568) (1981). In that case the words "Contract documents" were allowed to be explained by parol although not identified by "key" in the instrument attacked. Here "System Design" is not further identified, but the branch manager of the plaintiff company who submitted the original bid and signed the contract on behalf of the plaintiff acknowledged by deposition that he understood the terms. Indeed, the defendant makes no real argument that the terms were not understood, but rests its case on the theory that the contract is so indefinite as to be completely void so that no amount of parol evidence would infuse life into it. We agree with the plaintiff, however, that the contract is not void. If ambiguous, parol evidence may be offered to show the intent of the parties. It is well-settled that the policy of the law is against the destruction of contracts on the ground of uncertainty if it is possible in the light of the circumstances

under which the contract was made to determine the reasonable intention of the parties. *Milton Frank Allen Publications v. Ga. Assn. of Petroleum Retailers,* 219 Ga. 665 (1) (b) (iii) (135 SE2d 330) (1964). The meaning ascribed to technical or business terms used in such contracts may be supplied by parol. See *Pace,* supra, holding that where a "key" or definition of the term used may be supplied by parol, although not actually incorporated in the document, such evidence may be received to clear the ambiguities, even those apparently void of meaning, may be explicable by parol. *Hartwell Grocery Co. v. Mountain City Mill Co.,* 8 Ga. App. 727 (70 SE 48) (1911). The court erred in holding that testimony contained in the depositions offered in opposition to the motion for summary judgment was inadmissible.

2. It further appears that the parties entered into performance of the contract without raising any question as to its legal significance, and continued for a period of approximately five months, during which time work was being done on both the General and Detailed System Designs. While we are asked to rule that such parol evidence is entirely inadmissible and that without it there is no way of showing that the parties did in fact understand and intend the technical terms around which the contract revolved, these very facts would cause us to lean to the conclusion that part performance of the contract is sufficient to validate an otherwise vague and objectionable document, provided that the part performance itself relates to the contested clause. A careful reading of *Pine Valley Apts. Ltd. Partnership v. First State Bank,* 143 Ga. App. 242 (237 SE2d 716) (1977) and cases there cited support the more liberal interpretation that a contract originally too indefinite to be enforceable may be made so by performance tendered by one side and accepted by the other, and that it is unnecessary for the contract to have been completely performed before this result obtains.

The overall terms of the contract have been stated above. They required DASD to "complete the required computer programming and testing" resulting from the named systems designs, as well as to participate in those designs and to follow up with a nine-month responsibility for correcting computer program errors. This statement of the services to be rendered is succinct and adequate to prevent the contract from being held void as a matter of law for uncertainty of subject matter. Nor does the following sentence, "Detailed tasks will be mutually agreed between Touche Ross and DASD as the work progresses" destroy the certainty requisite for a valid agreement. It is generally held that a contract is not void because its performance is, as to particular details, left subject to the subsequent agreement of the parties. Wilson v. Wilson, 216 P2d 104

(Cal.); Kirkley v. F. H. Roberts Co. (Mass.), 167 NE 289.

The trial court erred in granting the defendant's motion for summary judgment.

*Judgment reversed. Sognier and Pope, JJ., concur.*