## A94A0061. ARBY'S, INC. v. COOPER.
### (444 SE2d 374)

COOPER, Judge.

This appeal arises out of a lawsuit brought by plaintiff, a former employee of defendant Arby's, Inc., for unpaid annual bonuses totaling $100,000 and expenses in the amount of $20,137.30. A jury returned a verdict in favor of plaintiff in the amount of $120,137.30 plus attorney fees in the amount of $30,000. Defendant appeals from the judgment entered on the jury verdict.

Defendant contends the trial court erred in denying its motion for directed verdict. Defendant has admitted liability for the expenses due to plaintiff but argues that the oral promises to pay bonuses were not enforceable because plaintiff was an employee at will with a fixed salary and the promise of a bonus was a mere gratuity. "In determining whether the trial court erred by denying defendant's motions for a directed verdict . . . this court must view and resolve the evidence and any doubt or ambiguity in favor of the verdict. . . ." (Punctuation omitted.) *Stone v. Allen*, 201 Ga. App. 842 (1) (412 SE2d 605) (1991).

Viewed in the light most favorable to the verdict, the evidence reflects that in 1985, plaintiff was hired by defendant as a top level executive in defendant's franchising division. His annual compensation package was based on a salary, bonus, and other benefits such as a company car and health insurance. Plaintiff did not qualify for a bonus in 1985 but received bonuses for 1986 and 1987. At the end of 1988, Len Roberts, defendant's president, met with plaintiff to determine his 1988 bonus. Roberts testified that to calculate the bonus, he used a formula which took into account such factors as the overall success of the company in reaching certain goals, the profitability of the company and the amount of plaintiff's previous bonus. Roberts stated that an agreement was reached that plaintiff's 1988 bonus would be $60,000. The 1988 bonus was supposed to be paid in early 1989. However, by the end of 1989, plaintiff's 1988 bonus had still not been paid, and Frank Belatti was defendant's new president. Plaintiff testified that a similar procedure was followed in determining his 1989 bonus, and he reached an agreement with Belatti that his bonus for 1989 would be $75,000. Belatti confirmed in his deposition that an agreement was reached with plaintiff that his 1989 bonus would be $75,000 and that this amount was approved by the compensation committee. Plaintiff received assurances from Belatti and defendant's owner that both the 1988 and 1989 bonuses would be paid. In March 1990, plaintiff received $35,000 as partial payment of his 1988 bonus, and shortly thereafter, plaintiff resigned. Defendant never paid plaintiff the balance of his 1988 bonus or his 1989 bonus.

Defendant's argument that the oral promise to pay a bonus is

unenforceable is without merit. Plaintiff agreed to render certain services to defendant in exchange for a fixed salary, bonus and other benefits. Defendant's promise to pay plaintiff a bonus in addition to his fixed salary was not a mere gratuitous gesture. It was extra compensation, the amount of which was to be ascertained at a future time. "Such a promise, made at the beginning of the employment, is enforceable, though it would not be if made pending the term or after performance was complete. [Cits.]" *Phillips & Co. v. Hudson,* 9 Ga. App. 779, 781 (72 SE 178) (1911). Therefore, we find no error with the trial court's denial of defendant's motion for directed verdict.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED MAY 12, 1994 —
RECONSIDERATION DENIED MAY 27, 1994 — 

*Gorby & Reeves, Michael E. Fisher, Martha D. Turner,* for appellant.

*Rubin & Wildau, Martin H. Rubin,* for appellee.