S94G1417. ARBY'S, INC. v. COOPER.
(454 SE2d 488)

CARLEY, Justice.

Arby's, Inc. hired Russell Cooper and agreed to give him a compensation package consisting of a salary, bonus and benefits. After leaving his employment with Arby's, Cooper brought suit to recover unpaid annual bonuses. At trial, Arby's moved for a directed verdict, contending that any promises of bonus compensation were unenforce-

able as a matter of law. The trial court denied the motion, the jury returned a verdict in favor of Cooper, and judgment was entered on the verdict. The Court of Appeals affirmed, holding that the promise to pay bonuses was enforceable because it was made at the beginning of the employment:

> [Arby's'] promise to pay [Cooper] a bonus in addition to his fixed salary was not a mere gratuitous gesture. It was extra compensation, the amount of which was to be ascertained at a future time. "Such a promise, made at the beginning of the employment, is enforceable, though it would not be if made pending the term or after performance was complete. [Cits.]" [Cit.]

*Arby's, Inc. v. Cooper*, 213 Ga. App. 312 (444 SE2d 374) (1994). We granted certiorari to consider what constitutes an enforceable promise of future compensation.

To be enforceable, a promise of future compensation must be made at the beginning of the employment. *Management Search v. Morgan*, 136 Ga. App. 651, 653-654 (1) (222 SE2d 154) (1975); *Sineath v. Lane Co.*, 160 Ga. App. 402, 405 (287 SE2d 341) (1981). However, the promise of future compensation must *also* be for an exact amount or based upon a "formula or method for determining the exact amount of the bonus. [Cits.]" *Christensen v. Roberds of Atlanta*, 189 Ga. App. 289, 291-292 (2) (375 SE2d 267) (1988) (promise to pay a bonus of $7,000 to $8,000 per year not enforceable).

Certain evidence in the instant case shows that the bonuses were partially based on a formula. Nevertheless, viewed in the light most favorable to the verdict, the evidence demonstrates that the amount of Cooper's bonuses was to be based, at least in part, on the discretion of the president of Arby's, Inc. Permitting a bonus to be only partially tied to a formula is not consistent with the rationale for requiring a formula. That rationale, as is evident from the cases cited in *Christensen*, is that the sum of money to be paid for performance of services under a contract should be definitely and objectively ascertainable from that contract. *Harrell v. Deariso*, 82 Ga. App. 774, 778 (62 SE2d 434) (1950) (difference between gross sales price and $11,000 was sufficiently definite); *Mosteller v. Mashburn*, 64 Ga. App. 92, 96-99 (12 SE2d 142) (1940) (promise to pay $4,000 to $5,000 not definite); *Cary v. Neel*, 54 Ga. App. 860 (189 SE 575) (1936) (five cents per ton of gravel sold not indefinite). See also *Phillips &c. v. Hudson*, 9 Ga. App. 779, 780-781 (2) (72 SE 178) (1911) (promise to pay as a bonus a certain percentage of a company's net earnings was definite and enforceable).

At the end of each year for which Cooper seeks to recover bo-

nuses, the president of the company and Cooper "agreed" as to the amount of the bonuses. "While that is certain which can be made certain, still the basis for rendering certain that which by the terms of the contract is uncertain must be afforded by the agreement. [Cit.]" *Sturdivant v. Walker*, 202 Ga. 585 (2) (43 SE2d 527) (1947). In this case, the basis for rendering certain the bonuses promised to Cooper is at least in part afforded by a future exercise of discretion. In such circumstances, the promise to pay a bonus in the future amounts to a promise to change the terms of compensation in the future and, thus, is an unenforceable executory obligation. *E. D. Lacey Mills v. Keith*, 183 Ga. App. 357, 360 (3) (359 SE2d 148) (1987).

Unlike the circumstances of *Steinemann v. Vaughn & Co.*, 169 Ga. App. 573 (1) (313 SE2d 701) (1984) and *Pine Valley Apts. Ltd. Partnership v. First State Bank*, 143 Ga. App. 242 (237 SE2d 716) (1977), the original indefiniteness in the arrangement in this case has not been obviated by performance. That performance which would remove the original indefiniteness must itself relate to the contested term of the contract. *Touche Ross & Co. v. DASD Corp.*, 162 Ga. App. 438, 440 (2) (292 SE2d 84) (1982). The parties to this case have neither paid nor accepted bonuses in such a way as to make an enforceable contract out of an agreement to agree. Accordingly, *Steinemann, Pine Valley Apts.* and similar cases are distinguishable.

It follows that the Court of Appeals erred in affirming the trial court's denial of the motion for directed verdict.

*Judgment reversed. All the Justices concur, except Hunstein and Thompson, JJ., who dissent; Sears, J., not participating.*

THOMPSON, Justice, dissenting.

The bonuses which Arby's promised to pay Cooper were based on a formula, a part of which was fixed (e.g., length of service, number of employees managed) and a part of which was left to the discretion of Arby's president. Each year, Cooper met with Arby's president who applied the formula, exercised his discretion, and told Cooper the amount of his bonuses. In that way, Arby's gave Cooper a bonus in 1986 and 1987; it promised him a $60,000 bonus in 1988 and a $75,000 bonus in 1989; and it made a partial payment of $35,000 toward the 1988 bonus.

Because the exact amount of the bonuses could not be ascertained until the discretion of Arby's president was exercised, Cooper's claim for unpaid bonuses was unenforceable as long as that discretion was not exercised. See *Christensen v. Roberds of Atlanta*, 189 Ga. App. 289 (375 SE2d 267) (1988). However, we must look at the contract at the time enforcement was sought by Cooper. Why? Because an indefinite contract may become definite through the subsequent words and conduct of the parties. *Steinemann v. Vaughn & Co.*, 169

Ga. App. 573, 576 (313 SE2d 701) (1984).

Looking at the contract at the time Cooper sought enforcement, we see that while the exact amounts of the bonuses could not be determined originally (since they were based, in part, on the exercise of discretion), the exact amounts of the bonuses became definite through the subsequent words and conduct of Arby's president. Id.; see 17A CJS 364, Contracts, § 361 (if agreement leaves compensation for services to be determined by party for whom they are performed, subsequent determination of compensation is binding when made in good faith). It follows that the promises to pay the bonuses are binding and enforceable.

I am authorized to state that Justice Hunstein joins in this dissent.

DECIDED MARCH 13, 1995 —
RECONSIDERATION DENIED MARCH 30, 1995.

*Gorby & Reeves, Martha D. Turner, Michael E. Fisher,* for appellant.

*Rubin & Wildau, Martin H. Rubin,* for appellee.