### A04A1634. MATHEWS v. MARIETTA TOYOTA, INC.
(606 SE2d 862)

RUFFIN, Presiding Judge.

John A. Mathews sued his former employer, Marietta Toyota, Inc., for breaching the terms of his employment contract. Marietta Toyota moved for summary judgment, arguing that the alleged agreement was unenforceable. The trial court granted Marietta Toyota's motion, and Mathews appeals. For reasons that follow, we affirm.

Summary judgment is appropriate when no genuine issues of material fact remain and the movant is entitled to judgment as a matter of law.[1] Applying a de novo standard of review, we " 'view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.' "[2]

---

[7] *Strozier v. Simmons U. S. A. Corp.*, 192 Ga. App. 601 (385 SE2d 677) (1989).

[1] See *Jackson v. Ford*, 252 Ga. App. 304 (1) (555 SE2d 143) (2001).

[2] Id.

Viewed in this manner, the record shows that Mathews began working for Marietta Toyota in 1993 as the service manager. Mathews testified that he was "fairly paid" in that position based on a "pay plan structure."

In September 1999, Mathews received additional responsibilities over the dealership's parts department and was told that he would be compensated for these new responsibilities through a "year end bonus." David Strother, Marietta Toyota's vice president and general manager in charge of operations, explained to Mathews that, "in lieu of editing [Mathews'] existing written pay plan, [his] additional compensation for the [new] responsibilities would be in an annual basis bonus to be paid on the fiscal year results." Strother further indicated that the bonus would be "fair." According to Mathews, the bonus "was not defined much more than that, other than it would be fair ... [and related to] dealership profits." Mathews was never told how the bonus would be calculated, but he understood that "ownership" would determine the bonus amount based on "overall dealership profit[s]."

Mathews received an annual bonus for fiscal years 1999-2000 and 2001-2002.[3] However, following a discrepancy in the parts department inventory for fiscal year 2000-2001, Strother refused to pay Mathews an annual bonus for that year, and he used the money that had been set aside for Mathews' bonus to offset the parts inventory loss. When Mathews complained about the withheld bonus, Strother told him that if the next inventory was proper, Marietta Toyota would "pay the bonus or a portion of the bonus." Mathews testified that the next inventory was "tremendous," but that he never received a bonus for 2000-2001.

Strother testified that he used his discretion in awarding year-end bonuses to the dealership's management personnel, and the amount did not depend on an employee's level of responsibility. According to Strother, therefore, Mathews' added responsibilities over the parts department did not entitle him to an increased annual bonus. Ann Mims, Marietta Toyota's comptroller, similarly testified that Strother determined who would receive an annual bonus. Although Strother instructed Mims to accrue money for Mathews' annual bonus by setting aside one percent of the dealership's monthly profits each month, she stated that if Strother directed her to pay a different amount in bonus, she would do so.

Marietta Toyota moved for summary judgment, arguing that the agreement to pay Mathews an annual bonus was too indefinite to be enforceable. The trial court agreed. It determined that the promised

---

[3] Marietta Toyota's fiscal year runs from June 1 through May 31 of the following year.

bonus was discretionary and, thus, unenforceable. We find no error.[4]

In *Arby's, Inc. v. Cooper*,[5] our Supreme Court explained that, to be enforceable, a promise of future compensation must "be for an exact amount or based upon a 'formula or method for determining the exact amount of the bonus.' " If the bonus amount is based, to any extent, on the employer's discretion, the promise cannot be enforced.[6] This is so because "the sum of money to be paid for performance of services under a contract should be definitely and objectively ascertainable from that contract."[7] Nevertheless, performance of the obligation can obviate indefiniteness in the original agreement.[8] Thus, if the parties' past dealings provide certainty to an otherwise indefinite compensation agreement, the agreement can be enforced.[9]

The record shows that Strother never told Mathews that he would receive a particular amount of additional pay to compensate him for his responsibilities over the parts department. Instead, Strother merely indicated that Mathews' annual bonus would be "fair" and based somehow on the dealership's profits. There also is no evidence that Strother agreed to use the same formula to calculate the bonus each year, and Strother testified that he awarded year-end bonuses at his discretion. Comptroller Mims similarly testified that Strother decided whether an employee would receive a bonus and the amount of that bonus.

Given this evidence, we agree with the trial court that Strother's promise of future compensation for Mathews' increased responsibilities over the parts department is unenforceable. According to Mathews, Strother promised to pay him a "fair" bonus based on dealership profits. Such promise does not permit an exact determination of compensation.

On appeal, Mathews argues that the promise became definite when Strother (1) directed Mims to set aside one percent of monthly profits for Mathews' bonus in fiscal year 2000-2001, and (2) made bonus payments to Mathews in fiscal years 1999-2000 and 2001-2002

---

[4] During the summary judgment proceedings, Mathews argued that Marietta Toyota is indebted to him not only for the fiscal year 2000-2001 bonus, but also for other allegedly unpaid compensation involving his promotion to "Fixed Operations Director" in 2000. On appeal, however, Mathews' brief focuses solely on Marietta Toyota's liability for the 2000-2001 annual bonus. Accordingly, to the extent Mathews contends that the trial court erred in granting Marietta Toyota summary judgment on his claim relating to compensation for his "Fixed Operations Director" promotion, he has abandoned that argument. See Court of Appeals Rule 27 (c) (2).

[5] 265 Ga. 240, 241 (454 SE2d 488) (1995).

[6] See id.

[7] Id.

[8] See id.

[9] See *Jackson*, supra at 307 (1) (a); *McLean v. Continental Wingate Co.*, 212 Ga. App. 356, 358-359 (1) (442 SE2d 276) (1994).

based on a one-percent accrual. Even assuming, however, that this evidence shows that Strother used a formula to determine the amount of Mathews' year-end bonus, it does not remove the element of discretion from the promise of future compensation.

As noted above, Mathews did not know what his annual bonus would be or the percentage of dealership profits he would receive. He was told only that it would be "fair." Moreover, although Strother directed Mims to set aside one percent of dealership profits for the bonus payment, both he and Mims testified that he retained discretion over the amount that Marietta Toyota actually would pay Mathews. And Strother explained that, as part of Marietta Toyota's accrual-based accounting method, the dealership establishes reserve funds in its internal accounting records for "possible future payment of discretionary, annual bonuses for employees." Such reserve funds are a projection of what *might* be, but not necessarily will be, paid.

Arguing that questions of fact remain as to whether the compensation was discretionary, Mathews notes that Strother never told him that the payment was left to Strother's discretion. Again, however, the record shows that Strother did not inform Mathews that he would receive a bonus in a certain amount or based on a particular formula. And although Strother used the one-percent formula to set aside money for the bonus, the evidence demonstrates that he retained discretion to determine the amount that would actually be paid. Even Mathews testified that, when he complained about not receiving his bonus, Strother indicated that he would pay the bonus or "a portion" thereof if the next inventory was satisfactory. Thus, neither the agreement with Mathews, nor the parties' subsequent dealings, provides sufficient certainty regarding the promise of future compensation.[10] Simply put, the record does not support Mathews' contention that discretion played no part in the payment.

Apparently attempting to avoid the *Arby's* line of decisions, Mathews also argues on appeal that this case involves "pay for additional responsibilities," rather than a bonus. We note that, in his deposition and affidavit, Mathews referred to his additional compensation as a "bonus" on numerous occasions. But regardless of how we characterize the payment, it is certainly a promise of future compensation. And, as discussed above, promises of future compensation,

---

[10] See *Arby's*, supra at 241-242 (where promised bonus is based, at least in part, on the future exercise of discretion, the promise is an unenforceable executory obligation, even if bonus partially based on formula); *Jackson*, supra at 306-307 (incentive compensation scheme based partly on formula, but partly on the employer's discretion, was too indefinite to be legally enforceable). Cf. *McLean*, supra (employer's agreement to pay employee particular percentage of company's net profits enforceable; although agreement did not set forth a method for calculating net profits, the parties' past dealings established the appropriate method).

whether in the form of a bonus or something else, must be for an exact amount or based on a formula or other method for determining the exact amount.[11]

As a matter of law, Marietta Toyota's promise of additional compensation is unenforceable. Accordingly, the trial court properly granted summary judgment to the dealership.

*Judgment affirmed. Eldridge and Adams, JJ., concur.*

DECIDED NOVEMBER 4, 2004 — 

*Browning & Smith, George T. Smith*, for appellant.
*Johnson & Hobgood, Thomas T. Hobgood*, for appellee.

---

[11] See *Moore v. BellSouth Mobility*, 243 Ga. App. 674, 676 (1) (534 SE2d 133) (2000) (applying *Arby's* reasoning to promise of future compensation not involving a bonus).