[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-17181
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 4, 2006
THOMAS K. KAHN

D. C. Docket No. 04-03011-CV-MHS-1

PAUL E. KREBS,

Plaintiff-Appellant,

versus

AVIATION CONSTRUCTORS, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(May 4, 2006)**

Before TJOFLAT, WILSON and COX, Circuit Judges.

PER CURIAM:

Paul E. Krebs ("Krebs") appeals the district court's denial of his motion for

partial summary judgment and the district court's grant of summary judgment to the

Appellee, Aviation Constructors, Inc. ("AVI"). In the district court, Krebs asserted a state-law breach of contract claim, as well as claims based on the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, following his termination from his position as a company vice president.

The court determined that Krebs's written employment contract is unenforceable under Georgia law because it does not contain terms essential to an employment agreement–compensation and duties. Krebs contends on appeal that the district court erred in its interpretation of Georgia contract claw. We find no error in the district court's determination. The contract at issue in this case lacked sufficient terms to make it enforceable under Georgia law. *See Weill v. Brown*, 29 S.E.2d 54, 57 (Ga. 1944) (holding an employment contract with indefinite terms of compensation, duration, and duties to be unenforceable and stating that, for an employment contract to be enforceable, "'the nature and character of the services to be performed and the amount to be paid therefor must be of such a character that it can be ascertained.'") (quoting *Mosteller v. Mashburn*, 12 S.E.2d 142, 145 (Ga. App. 1940)).

Krebs also contends that the district court erred in concluding that Krebs's termination was not motivated by a desire to deprive him of ERISA-covered employment benefits. ERISA forbids termination of an employee for the purpose of

depriving him of ERISA-covered benefits. *See* 29 U.S.C. § 1140. To survive summary judgment on a claim based on this section, a plaintiff must provide direct or circumstantial evidence of the employer's specific intent to deprive him of benefits by terminating him. *Clark v. Coats & Clark*, 990 F.2d 1217, 1223 (11th Cir. 1993). No direct evidence of specific intent exists in this case, so Krebs was required to show (1) that he was entitled to ERISA benefits; (2) that he was qualified for his position; and (3) that the circumstances surrounding his termination give rise to an inference of specific intent. *See id.* Assuming arguendo that Krebs made a sufficient showing in the district court to warrant this inference, the burden then shifted to AVI to articulate a legitimate business reason for terminating Krebs. *See Gitlitz v. Compagnie Nationale Air France*, 129 F.3d 554, 559 (11th Cir. 1997). And, because the written employment contract was unenforceable as an employment contract, the reason for termination did not need to be one permitted by this written employment agreement. AVI articulated a reason unrelated to Krebs's ERISA benefits–that he failed to comply with a directive of senior management–and Krebs did not demonstrate that this reason was pretextual. Accordingly, we conclude that the court correctly determined that Krebs put forth insufficient evidence to survive summary judgment.

AFFIRMED.