## 58534. SHEFFIELD v. LOCKHART.

QUILLIAN, Presiding Judge.

Defendant Sheffield appeals from a jury verdict on damages for the plaintiff Lockhart. Sheffield admitted liability arising from an automobile traffic accident wherein she struck Lockhart who was a pedestrian on the sidewalk. The jury returned a verdict in favor of Lockhart for $50,000 and Sheffield appeals. *Held:*

1. The traffic incident occurred on September 13, 1977 and the complaint was filed September 20, 1977. On November 28, 1978, plaintiff took the deposition of one of his physicians. Two days thereafter the defendant filed a motion for an independent physical examination under Code Ann. § 81A-135 (a) (CPA § 35; Ga. L. 1966, pp. 609, 647; 1972, pp. 510, 527). The basis for his motion was: "Defendant shows that the existence of the alleged physical disability and the extent thereof was unknown to defendant until the taking of the deposition . . . Defendant further shows that the necessity for an independent physical examination of the plaintiff was not apparent until that date as defendant having no prior knowledge of an alleged 50% disability nor the existence of alleged degenerative changes in the plaintiff's knees."

Under CPA § 35 (a) a party may request "the mental or physical" examination of another when such condition

"is in controversy . . . for good cause shown . . ." As there is no doubt that the extent of injury to the plaintiff "is in controversy," we need determine only whether "good cause" was shown.

CPA § 35 places the burden upon the movant to establish "good cause." Furthermore, this court has held that "[w]hat is sufficient to fulfill that criterion rests in the broad discretion of the trial judge." *Bradford v. Parrish,* 111 Ga. App. 167, 168-169 (141 SE2d 125); *Metropolitan Life Ins. Co. v. Lehmann,* 125 Ga. App. 539, 540 (188 SE2d 393). In the instant case defendant filed his motion and did not appear at the hearing or offer evidence therein. No transcript has been included of what transpired at such hearing. Absent a transcript, we have nothing to review to determine whether the evidence supported the ruling of the court or the judge abused his discretion and it must be presumed that the evidence authorized the ruling. *Pugh v. Pou,* 238 Ga. 450 (2) (233 SE2d 198); *Pennsylvania Poorboy v. Robbins Restaurant,* 238 Ga. 539 (233 SE2d 791).

2. Defendant contends the court erred in admitting into evidence the deposition of Dr. Payne "in contravention of the requirements of Ga. Code Ann. § 81A-132 (a) (3)." (Ga. L. 1966 pp. 609, 644; 1972, pp. 510, 521). It is argued that "without a competent showing of unavailability and without a specific finding as to unavailability" the court permitted the use of the deposition. The objection made at trial was that plaintiff "has not shown that this witness is unavailable for live testimony." This specific rule is contained in Code Ann. § 81A-132 (a) (3) (E) which permits the use of a deposition when ". . . because of the nature of the business or occupation of the witness it is not possible to secure his personal attendance without manifest inconvenience to the public or third persons . . ."

The attorney for the plaintiff stated: "Your Honor, I can testify. I will take the stand and lay the foundation. The Court: All right, you can testify. You can take the stand if you like. Mr. Dietrick [Plaintiff's counsel]: I can testify to the manifest inconvenience. He has surgery. That isn't hearsay. I tried to get him here. Mr. Dinges [Defendant's counsel]: If you want to state that in your

place and if the Court finds that sufficient grounds, it's fine. I am not going to tell you to take the stand, but if you will state in your place, there is no reason to take the stand. The Court: You can state it in your place. Mr. Dietrick: The doctor does testify under oath that on the average day in the Grady Clinic he will treat between thirty and forty patients, that he is the chief orthopedic resident, and I believe he said there are five residents and two interns under his supervision and this group of people together will treat between one hundred and fifty to two hundred patients per day. The Court: All right. I am going to permit you to use the deposition, and I will overrule the objection." Our Supreme Court has held that " '[a]ttorneys are officers of the court, and a statement to the court in his place is prima facie true and needs no further verification unless the same is required by the court or the opposite party.' " *Morris v. State,* 228 Ga. 39, 49 (184 SE2d 82).' Accordingly, there was a sufficient showing of unavailability and a ruling on the specific objection presented in the enumerated error. We find no error.

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

Argued September 12, 1979 — Decided September 27, 1979.

*William A. Dinges,* for appellant.
*Paul A. Dietrick, Paul T. O'Conner,* for appellee.