A90A0615. PREVOST v. TAYLOR.
(396 SE2d 17)

POPE, Judge.

Plaintiff James Thomas Taylor filed a medical malpractice claim against defendant Maurice G. Prevost, M.D. The jury returned a verdict in favor of plaintiff and defendant appeals.

1. Plaintiff's expert witness based his opinion not only upon a review of the plaintiff's medical records but also upon a physical examination of the plaintiff. Defendant filed a motion for an order permitting one of his expert witnesses to examine the plaintiff pursuant to OCGA § 9-11-35. Defendant asserts the trial court erred in denying his motion. The order denying defendant's motion shows it was based in part on a finding that the information sought under the motion for examination could be obtained from other available sources. The record shows the medical records for all treatment received by plaintiff after the surgery performed by defendant were available to defendant. Thus, the trial court did not abuse its broad discretion in denying defendant's motion. See *Sheffield v. Lockhart*, 151 Ga. App. 551 (1) (260 SE2d 416) (1979) and cases cited therein. See also *Shannon v. Huntley's Jiffy Stores*, 174 Ga. App. 125 (1) (329 SE2d 208) (1985).

2. Neither did the trial court err in granting plaintiff's motion in limine prohibiting the defendant from establishing at trial that he had requested the opportunity to examine the plaintiff but plaintiff had objected. It would have been improper for the defendant to draw attention to the objection of the plaintiff which had been sustained by

a ruling of the court. See *Savannah &c. R. Co. v. Wainwright*, 99 Ga. 255 (2) (25 SE 622) (1896). The ruling on the motion in limine expressly applied to both plaintiff and defendant. Consequently, the defendant was not disadvantaged before the jury by not being able to explain that he had requested an examination because the plaintiff was also prohibited from discrediting the opinions of defendant's expert by establishing that those opinions were not based on a physical examination.

3. Defendant asserts that the trial court erred in overruling his objection to the question eliciting the opinion of plaintiff's expert witness because it was not propounded in the form of a hypothetical question. Plaintiff's attorney asked the expert if he had an opinion based on his review of plaintiff's medical records and his examination of the plaintiff. "When an expert testifies to facts within his knowledge, it is not necessary that the question propounded be stated hypothetically. An expert may base his opinion upon facts which he knows and has observed." *Corbin v. State*, 81 Ga. App. 353, 354 (58 SE2d 485) (1950). Accord *Ware v. State*, 252 Ga. 90 (3) (310 SE2d 908) (1984). The medical records on which the witness based his opinion had not at that point been admitted into evidence. However, that all the facts upon which the witness based his opinion had not yet been admitted into evidence does not preclude him from offering his opinion. The facts upon which an expert bases his opinion may be presented either on direct or cross-examination because the basis of the opinion relates to the weight to be given the testimony by the jury and not its admissibility per se. *State Highway Department v. Howard*, 119 Ga. App. 298 (6) (167 SE2d 177) (1969).

4. Defendant also asserts the trial court erred in overruling his objection to the question posed by plaintiff's attorney to defendant's expert witness as to whether he would have personally chosen to undergo the surgery performed by the defendant if he, himself, had been the patient. It is true, as defendant argues, that the issue in a medical professional negligence action is whether the treatment met the standard of care of the profession generally and not what any one individual doctor believes is advisable. However, those cases cited by defendant involved instances where the only testimony presented to support plaintiff's claim is the individual view of one doctor and no testimony was presented as to the standard of care generally practiced by the profession. See *Simpson v. Dickson*, 167 Ga. App. 344 (1) (306 SE2d 404) (1983). *Kenney v. Piedmont Hospital*, 136 Ga. App. 660 (3) (222 SE2d 162) (1975); *Mayo v. McClung*, 83 Ga. App. 548 (2A) (64 SE2d 330) (1951). Here, plaintiff did not present the individual opinion of defendant's expert for the purpose of establishing the acceptable standard of care but offered it to impeach the expert's opinion that the surgery performed by defendant met the standard of care of the

profession generally. "Evidence tendered for impeachment purposes need not be of the kind or quality required for proving the facts." (Citation and punctuation omitted.) *Pound v. Medney*, 176 Ga. App. 756, 761 (337 SE2d 772) (1985). See also *Quinn v. State*, 132 Ga. App. 395 (2) (208 SE2d 263) (1974).

5. We disagree that the plaintiff's attorney improperly published to the jury the text of a medical treatise during his cross-examination of defendant's expert witness. "A party can prove by cross-examination of an opposing party's expert that a treatise is standard on the subject." *Pound v. Medney*, supra at 762. An examination of the transcript shows plaintiff's attorney did not improperly present the text to prove the opinions of the author but questioned the witness whether the opinions expressed in the text were also his own. See *State Highway Dept. v. Willis*, 106 Ga. App. 821 (3) (128 SE2d 351) (1962).

6. Defendant has abandoned one of its remaining enumerations of error by failing to support it with argument or citations of authority. See Rule 15 (c) (2) of the Rules of the Court of Appeals of Georgia. Those remaining enumerations of error which were argued in the brief relate to the sufficiency of the trial court's charge to the jury on the law of professional medical negligence and the court's failure to charge five of defendant's requested charges. We find the charge as given is proper and adequate. "[R]efusal of a request [to charge] is not error where a correct instruction by the trial court dealing with the principles of law embodied in the request, although in more abstract terminology, is given . . . ." *Johnson v. Myers*, 118 Ga. App. 773, 775 (165 SE2d 739) (1968).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED JUNE 25, 1990 —
REHEARING DENIED JULY 13, 1990.

*Newton, Smith, Durden & Kaufold, Wilson R. Smith*, for appellant.

*Doremus & Jones, Bobby T. Jones*, for appellee.