## A95A0511. HOWARD v. ALAMO CORPORATION.
(455 SE2d 308)

BLACKBURN, Judge.

The appellant, Roland Howard, commenced the underlying action against appellee, the Alamo Corporation (Alamo), to recover damages in tort for personal injuries sustained as a result of being beaten while registered as a guest at the Alamo Plaza Hotel, a property belonging to Alamo. In his complaint, Howard averred that Alamo, knowing that the Alamo Plaza Hotel was in a high crime area, failed to warn Howard, to provide proper lighting, or take other appropriate precautions to ensure his safety or the safety of other hotel patrons. Additionally, he complained that the hotel rented rooms to criminal elements having the propensity for violence and allowed criminal activities on its premises. The trial court granted partial summary judgment to Alamo with respect to Howard's prayer that he be awarded $5,000,000 in punitive damages, and this appeal followed.

The record reflects that Howard checked into the Alamo Plaza Hotel in Atlanta, representing himself as a preacher performing a ministerial tour for the purpose of collecting money to feed the homeless. Archie Clark, a guest at the hotel and witness to the incident about which Howard complains, deposed that Howard appeared to support himself by panhandling and that James Dixon, a local cocaine distributor, paid him to store his inventory of crack cocaine, termed a "bomb,"[1] in Howard's hotel room. Howard also allowed others to smoke crack cocaine in his hotel room, accepting crack cocaine as payment. Clark further deposed that Howard's addiction to crack cocaine ultimately led him to begin personally using portions of the crack cocaine Dixon stored with him, substituting a look-alike powdery substance to avoid detection. In Clark's words, Dixon pistol-whipped Howard in his hotel room because Howard "messed with the bomb."

In his sole enumeration of error, Howard contends that the trial court erred in granting Alamo's motion for partial summary judgment as to his claim for punitive damages. We disagree.

OCGA § 51-12-5.1 (b) pertinently provides that "[p]unitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences."

"Under [OCGA] § 51-12-5, punitive damages cannot be imposed without a finding of some form of culpable conduct. Negligence, even

---

[1] Clark defined a "bomb" as a package containing approximately ten stones of crack cocaine.

gross negligence, is inadequate to support a punitive damage award.

"Under [OCGA] § 51-12-5.1 (b), it remains the rule that something more than the mere commission of a tort is always required for the imposition of punitive damages. Mere negligence, although gross, will not alone authorize the recovery of punitive damages." (Citations and punctuation omitted.) *Troutman v. B. C. B. Co.*, 209 Ga. App. 166, 168 (433 SE2d 73) (1993).

It is uncontroverted in the record before us that the Atlanta Police responded to numerous incidents at the Alamo Plaza Hotel. Hotel management employed two off-duty police officers as security personnel to protect the premises from persons not registered at the hotel. In doing so, it believed it was responding to a hotel security problem principally associated with domestic disputes and drunkenness, rather than drugs. In particular, it was unaware of any incident similar to the one herein involved. In this regard, Dixon had pistol-whipped the appellant a week to two weeks prior to the incident in question; however, there is no indication in the record that the incident was reported to the police or otherwise. Additionally, the Atlanta Police regularly patrolled the premises, and the hotel cooperated with the police in establishing undercover sting operations on it premises.

A summary judgment movant not having the burden of proof at trial may prevail by establishing "that there is no evidence sufficient to create a jury issue on at least one essential element of the plaintiff's case." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). There is an absence of evidence creating a jury issue as to punitive damages. The trial court's grant of summary judgment to Alamo was not error.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 21, 1995 —<br>RECONSIDERATION DENIED MARCH 8, 1995.

*Curtis A. Thurston, Jr.*, for appellant.
*Goodman, McGuffey, Aust & Lindsey, William S. Goodman, Leslie S. Sullivan,* for appellee.