A97A0398, A97A0399. ROBERTS v. FORTE HOTELS, INC.
(two cases).
(489 SE2d 540)

ANDREWS, Chief Judge.

*Case No. A97A0398*

Janice Roberts appeals the trial court's order granting Forte Hotels, Inc.'s f/k/a The Travelodge Corporation, d/b/a Travelodge Hotel, Atlanta ("Travelodge") motion for partial summary judgment on the issues of failure to warn and punitive damages and its motion for sanctions and attorney fees in a discovery dispute. For the reasons which follow, we affirm the judgment of the trial court.

This case arose when Janice Roberts was attacked by two unknown assailants at the Travelodge Hotel on North Druid Hills Road. Around 10:30 p.m. on the night in question, Roberts and a friend parked their car and walked toward the lobby of the hotel. As Roberts was about to open the front door, two men attacked them, throwing Roberts to the ground. The assailants tore her clothing and took her purse. Roberts suffered a wrenched shoulder and lower back, sprained hip, muscle strain and bruises. In addition to being physically injured, Roberts was terrified by the attack and had to

seek psychiatric help.

Travelodge filed a motion for summary judgment or, in the alternative, a motion for partial summary judgment on the issues of punitive damages and failure to warn. The court denied the motion for summary judgment, but granted the motion for partial summary judgment, and this appeal followed.

1. Roberts claims the trial court erred in granting Travelodge partial summary judgment on the issue of punitive damages because Travelodge failed to provide dusk-to-dawn security every day, even though it was on notice of several previous attacks in and around the hotel. The similar incidents occurring on the hotel premises were: three robberies of hotel auditors in the hotel lobby in August 1987, December 11, 1992, and April 2, 1993; the armed robbery of a hotel guest in the parking lot; and fifteen incidents of robberies and damage to cars in and around the hotel. Although Travelodge employed dusk-to-dawn security on weekends, it did not have a guard on the premises seven days a week.

OCGA § 51-12-5.1 (b) provides: "Punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences."

Under this Code section, "it remains the rule that something more than the mere commission of a tort is always required for punitive damages. There must be circumstances of aggravation or outrage. There is general agreement that, because it lacks this element, mere negligence is not enough," *Walker v. Sturbridge Partners, Ltd.*, 221 Ga. App. 36, 40 (4) (470 SE2d 738) (1996), aff'd in part and rev'd on other grounds, *Sturbridge Partners, Ltd. v. Walker*, 267 Ga. 785 (482 SE2d 339) (1997) and "even gross negligence[ ] is inadequate to support a punitive damage award." *Howard v. Alamo Corp.*, 216 Ga. App. 525, 526 (455 SE2d 308) (1995).

A former manager at the Travelodge testified at her deposition that she hired security for weekends only because that was when the majority of the problems occurred. She also stated that, in an effort to increase guests' safety, hedges were cut down around the building, floodlights were added to the parking lot, and a night manager was scheduled to be on duty during the week.

In light of this, we do not find sufficient evidence that Travelodge's conduct showed the requisite degree of wilful misconduct, malice, wantonness, oppression or otherwise evinced an entire want of care sufficient to authorize the imposition of punitive damages. *Walker*, supra at 41; *Assoc. Health Systems v. Jones*, 185 Ga. App. 798, 802-803 (366 SE2d 147) (1988). Accordingly, the trial court

did not err in granting Travelodge's motion for partial summary judgment on this issue.

2. Next, Roberts claims the trial court erred in granting Travelodge's motion for summary judgment on her failure to warn claim. Roberts admits that *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991) is to the contrary.

*Lau's* states: "We decline, however, to require owners to post signs warning of a generalized risk of crime. It is difficult even to imagine what such warnings would include: 'Watch out! This is a high crime neighborhood,' or, 'Since 1982, two rapes and one robbery have occurred in this parking lot.'" Id. at 493 (2). The Court concluded "no such duty currently exists in the law." Id.

But, Roberts cites *Atlanta Center Ltd. v. Cox*, 178 Ga. App. 184 (341 SE2d 15) (1986) (physical precedent only) as authority for her contention that *Lau's Corp.* is not controlling in this case. However, in *Atlanta Center Ltd.* the Court never specifically held that defendants had a duty to warn. The Court stated that because defendants had undertaken to provide security to patrons using the elevators and hallways, then, having undertaken that duty, defendants were required to perform it in a non-negligent manner. *Atlanta Center*, supra at 185. This case is not helpful to Roberts. Travelodge provided security on the weekend, but, as Roberts herself states, there was no security on duty the night she was attacked.

Accordingly, Travelodge did not have a duty to warn its guests of possible criminal attacks. *Lau's Corp.*, supra at 493. The trial court did not err in granting Travelodge's motion for partial summary judgment on this issue.

3. Lastly, Roberts claims the trial court erred in granting Travelodge's motion for sanctions and attorney fees. Travelodge filed the motion under OCGA § 9-11-37 (d) after Roberts' counsel and expert witness failed to appear for the expert's deposition.

Roberts contends her counsel made numerous attempts to reschedule the deposition for some later date. Roberts finally filed a motion for protective order on January 30, the day before the deposition was scheduled. Travelodge argues that it wanted to schedule the deposition before the end of discovery, which was January 31, and also that Roberts never stated any legally sufficient reason for failing to attend the deposition. After a hearing on the issue, the trial court granted the motion for sanctions and awarded Travelodge $1,188 in attorney fees.

" 'This court has repeatedly held that it will not reverse a trial court's decision on discovery matters absent a clear abuse of discretion.' " (Citations omitted.) *Nixon v. Sandy Springs Fitness Center*, 167 Ga. App. 272 (1) (306 SE2d 362) (1983). After reviewing the record, we find no abuse of discretion in the trial court's decision to

grant the motion for sanctions.

Further, Roberts' contention that her counsel was given no opportunity to question the amount of the attorney fees awarded is without merit. Defense counsel submitted an affidavit listing the amount of the fees. The court conducted a lengthy hearing on the motion and questioned defense counsel as to the amount of his fees. If counsel disputed the amount, he should have said so at the time and asked for an opportunity to cross-examine. He did not do so, nor did he ever mention, at any time during the hearing, that he questioned the amount of attorney fees. This enumeration of error is without merit.

### Case No. A97A0399

In this case, Janice Roberts appeals the trial court's order requiring her to undergo a psychological examination pursuant to OCGA § 9-11-35. Roberts contends the trial court abused its discretion by entering an order which (1) failed to comply with the requisites of OCGA § 9-11-35 and (2) impermissibly abridged the patient-psychiatrist privilege.

Roberts claims she suffers mental injury in the form of emotional distress and post-traumatic stress disorder as a result of the assault that occurred on Travelodge's premises. Roberts has been under the care of a psychiatrist since the assault. Travelodge attempted to obtain her psychiatrist's records but Roberts objected, asserting the patient-psychiatrist privilege. When Roberts offered the psychiatrist for deposition, Travelodge declined. Instead, Travelodge asked for an order pursuant to OCGA § 9-11-35 requiring Roberts to undergo an examination with a psychologist of its own choosing.

OCGA § 9-11-35 (a) provides: "When the mental or physical condition . . . of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician or to produce for examination the person in his custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made."

The court granted Travelodge's motion, ordering Roberts to travel to Atlanta for a six-hour interview and "submit to any necessary written or oral psychological tests deemed necessary by Dr. Davis." The court's order also stated that any "statements made by plaintiff during this examination will not be protected as privileged under the psychiatric-patient privilege."

"A plaintiff in a negligence action who asserts mental or physical injury places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." (Citations and punctuation omitted.) *Crider v. Sneider*, 243 Ga. 642, 645 (256 SE2d 335) (1979). A trial court has broad discretion in granting or denying a motion under OCGA § 9-11-35 and in determining whether or not "good cause" has been shown. *Bradford v. Parrish*, 111 Ga. App. 167 (141 SE2d 125) (1965). In a civil case, the court may order an evaluation for "good cause shown" if the party's mental condition is in controversy. OCGA § 9-11-35. An allegation of continuing mental injury is sufficient to place a plaintiff's mental condition in controversy. *Crider*, supra at 645.

4. Roberts argues the trial court erred in granting the motion because Travelodge could have deposed her psychiatrist but chose not to do so. It is true that in determining whether "good cause" has been shown, " '(t)he ability . . . to obtain the desired information by other means is also relevant.' " (Citation omitted.) Id.; *Prevost v. Taylor*, 196 Ga. App. 368 (396 SE2d 17) (1990). But, since Roberts stated she was claiming the patient-psychiatrist privilege with regard to all statements made to her psychiatrist, the information to be obtained by deposing her treating psychiatrist would be severely limited and cannot be deemed the equivalent of an independent psychiatric evaluation. The trial court did not err in granting Travelodge's Rule 35 motion.

5. Roberts also claims Travelodge's motion did not set out with the requisite specificity the " 'manner, conditions, and scope of the examination.' " (Citation omitted.) *Crider*, supra at 644 (1). We agree that the order giving authorization for Dr. Davis to do what is "deemed necessary," does not comply with the specificity required by *Crider*, supra. At a minimum, the trial court should have ordered the examination confined to problems which Roberts claims are a result of the attack. In addition, Roberts argues a six-hour examination is unduly oppressive. We note there is no evidence in the record from which the trial court could have determined that it was necessary to order a six-hour examination.

6. Moreover, the language in the Code section is very clear in requiring the examination be performed "by a physician." Since a psychologist is not a physician, the trial court had no authority to order Roberts to submit to an examination by a psychologist.

7. Roberts also contends the trial court erred in ruling that the psychological examination would not be subject to the patient-psychiatrist privilege. However, "[b]efore the patient-psychiatrist communications privilege established by OCGA § 24-9-40 may be invoked, the requisite relationship of psychiatrist and patient must

have existed, to the extent that treatment was given or contemplated." (Citations, punctuation and emphasis omitted.) *Mrozinski v. Pogue*, 205 Ga. App. 731, 732 (423 SE2d 405) (1992). See also *Wilson v. Bonner*, 166 Ga. App. 9, 16-17 (303 SE2d 134) (1983) (appellee went to psychiatrist of her own volition for the purpose of seeking treatment, thus creating requisite confidential relationship to which the psychiatrist-patient privilege applies).

Here, there has been no treatment given and none contemplated. Therefore, no confidential relationship has been created. Accordingly, the patient-psychiatrist privilege does not apply to a psychiatric examination under OCGA § 9-11-35 to the extent the information is required to defend this lawsuit.

*Judgment affirmed in Case No. A97A0398. Beasley, J., concurs. McMurray, P. J., concurs specially. Judgment vacated and case remanded in Case No. A97A0399. McMurray, P. J., and Beasley, J., concur.*

McMURRAY, Presiding Judge, concurring specially.

I fully concur in Case No. A97A0399, vacating the order for a mental examination by a non-physician. In Case No. A97A0398, I fully concur in Division 1, affirming the grant of partial summary judgment as to any claim for punitive damages and also concur fully in Division 3 and the imposition of attorney fees as a discovery sanction. As to Division 2, *Lau's Corp. v. Haskins*, 261 Ga. 491, 493 (405 SE2d 474) holds that Georgia law does not impose on an owner or occupier of land any duty to post signs warning of a generalized risk of crime. Consequently, the trial court correctly granted partial summary judgment as to this theory of liability as alleged in Count 2 of the complaint, "DEFENDANT'S DUTY TO WARN." But Count 1 of the complaint, alleging a failure to exercise ordinary care to keep the premises safe, remains a viable theory of liability as to which summary judgment was denied by the trial court. With that understanding, I concur as to Division 2.

DECIDED JULY 2, 1997 —
RECONSIDERATION DENIED JULY 17, 1997 — 

*Richard C. Freeman III*, for appellant.
*Dennis, Corry, Porter & Gray, Matthew J. Jewell, James S. Strawinski*, for appellee.