S07G1215. REEBAA CONSTRUCTION COMPANY, INC.
v. CHONG.
(657 SE2d 826)

MELTON, Justice.

In this case, we granted certiorari to determine whether the Court of Appeals correctly concluded that there was insufficient evidence to support a jury's finding that Chang Sop Chong breached an oral contract he entered into with Reebaa Construction Company, Inc. to build out the unfinished basement of his home. See *Chong v. Reebaa Constr. Co.*, 284 Ga. App. 830 (645 SE2d 47) (2007). For the reasons set forth below, we reverse and remand.

In the light most favorable to the jury's verdict, the record shows that, in early 2003, Chong, an attorney, entered into a "handshake agreement" with Reebaa Construction to finish the 4,000 square foot basement of his home. Chong initially represented that he wanted a simple basement with few frills, and a "Construction Memo & Job List" was generated to reflect this desire. The total renovation price set forth in the memo was approximately $96,000. Construction began, and Chong started making regular payments to Reebaa. Chong, however, decided that the original construction plan was too basic and began requesting significant changes to the simple renovation, including, among other things, marble floors, granite countertops, oversized doors, and a steam shower. Chong personally requested each of these changes, chose the materials, and repeatedly instructed Reebaa that "money was no object." Prior to carrying out Chong's requests, Reebaa informed Chong that it would cost considerably more than initially quoted to complete the work, and Chong was made privy to the cost of many of the additional materials. Nonetheless, Chong simply stated that Reebaa should do the additional requested work and submit a bill to him at a later time. The expense of the changes requested by Chong amounted to approximately $128,000 over the original "memo" price.

Although Chong paid Reebaa approximately $108,000 while work was ongoing, Chong refused to make any more payments after the work was substantially completed in August 2003. Reebaa then sued Chong for breach of contract. Following a jury trial, Reebaa was awarded $154,954 in damages and $140,112 in attorney fees. Chong then filed an appeal, and the Court of Appeals reversed the verdict and remanded the case for a new trial, finding that, because there was insufficient evidence to show that the parties agreed upon a definite price for the change-order work, no enforceable contract existed and Reebaa's only remedy was based on quantum meruit, not breach of contract.

1. In this case, the trial court's affirmance of the jury verdict and denial of Chong's motion for new trial should be affirmed if there is any evidence supporting these decisions.

> The general rule undoubtedly is that, where there is some evidence to support the verdict found by the jury, and where the verdict found by the jury has been approved by the trial judge, manifested by his overruling of the motion for new trial upon the general grounds, we are bound to conclude that the judge exercised the sound discretion which the law wisely placed in his hands, and this court will be reluctant to interfere.

(Citations and punctuation omitted.) *Jackson v. State*, 204 Ga. 47, 50 (48 SE2d 864) (1948). In order for a contract to be enforceable, "it must be set forth with such certainty and completeness that either party may have a right of action upon it. . . . But indefiniteness in subject matter so extreme as not to present anything upon which the contract may operate in a definite manner renders the contract void." (Citation and punctuation omitted.) *Sanders v. Commercial Cas. Ins. Co.*, 226 Ga. App. 119, 120 (1) (485 SE2d 264) (1997).

In this case, there was evidence that supported the jury's determination that the necessary elements of an enforceable contract between Chong and Reebaa existed for the change orders, including price. Chong was intimately involved in the renovation of his basement, and when he began requesting construction upgrades, he was instructed that substantial changes of the kind that he was requesting would significantly increase the price of construction. Nonetheless, Chong responded by saying that money was no object and that he should simply be billed for the additional work. This evidence would support determinations by the jury that Chong was aware of exactly what he was agreeing to when he asked Reebaa to install the lavish upgrades to his home, that Chong understood that the price of these upgrades would greatly exceed the original "memo" price, and that Chong agreed to this increased price by repeatedly insisting that money was no object.

"The law does not favor destroying contracts on the basis of uncertainty, and a contract that may originally have been indefinite may later acquire more precision and become enforceable because of the subsequent words or actions of the parties." *Sanders v. Commercial Cas. Ins. Co.*, 226 Ga. App. at 121 (1). Here, Chong received that which he contracted for in accordance with his own quantification of price and pursuant to the manner of billing he specified. Furthermore, "[t]he scope of the contract was not in dispute, and [Reebaa's] work was accepted. This was sufficient to establish a prima facie case

[of contract]," id., and, here, the jury resolved all facts to find that such a contract did exist. Under these circumstances, there was some evidence supporting the jury's finding that the contract in this case was not so uncertain as to be unenforceable. As a result, the Court of Appeals erred by reversing the trial court's denial of Chong's motion for new trial.

2. Moreover, even if the contract in this case could be considered too indefinite to enforce,

> [a] party may enter into a contract invalid and unenforceable, and by reason of the covenants therein contained and promises made in connection with the same, wrongfully cause the opposite party to forego a valuable legal right to his detriment, and in this manner by his conduct waive the right to repudiate the contract and become estopped to deny the opposite party any benefits that may accrue to him under the terms of the agreement.

(Citations and punctuation omitted.) *Pepsi Cola Bottling Co. of Dothan, Ala. v. First Nat. Bank of Columbus*, 248 Ga. 114, 116 (2) (281 SE2d 579) (1981). Again, Chong knowingly requested expensive upgrades, Reebaa warned Chong of the expense, and Chong instructed Reebaa to continue with the work anyway because "money was no object." Through these informed actions, Chong has waived any right to repudiate the construction contract into which he freely and knowingly entered. Id.

3. Because the Court of Appeals wrongly determined that the trial court erred, it did not reach the merits of Chong's argument that the trial court improperly assessed attorney fees against him pursuant to OCGA § 13-6-11. Accordingly, we must remand this case to the Court of Appeals for consideration of this issue.

*Judgment reversed and case remanded. All the Justices concur.*

SEARS, Chief Justice, concurring.

I agree with the majority's conclusion that the modification to the parties' original contract was enforceable. I write to emphasize that, although the price of the work beyond that envisioned in the parties' original contract was initially indefinite, once that work was completed pursuant to the parties' general agreement, the price of the work became definite and the modification of the initial contract enforceable. When parties enter an agreement that is too indefinite as to price, " 'they may cure this defect by their subsequent con-

duct. . . . Actual performances under a general indefinite arrangement may . . . make the general arrangement an enforceable contract.'"[1] Stated somewhat differently, "'the objection of indefiniteness may be obviated by performance and acceptance of performance.'"[2]

In conclusion, in the present case, although the price of the variations and additions requested by Chong may have been indefinite at inception, Reebaa Construction's subsequent performance of the additions and variations and Chong's subsequent acceptance of them cured any initial defect as to price. Accordingly, I concur in the judgment of the majority opinion.

DECIDED FEBRUARY 25, 2008.

*Richard C. Freeman III*, for appellant.

*J. Hue Henry, Christopher G. Moorman, Louis B. Stout, Freeman, Mathis & Gary, T. Bart Gary, Neil L. Wilcove, David W. Griffeth, Stephen F. Mackie*, for appellee.

---

[1] *Pine Valley Apts. Ltd. Partnership v. First State Bank*, 143 Ga. App. 242, 244 (237 SE2d 716) (1977), quoting then 1 Corbin on Contracts 453, 457, § 101. Accord *Self v. Smith*, 98 Ga. App. 876, 882 (107 SE2d 721) (1959) ("A deficiency in a contract caused by indefiniteness . . . is cured by performance."). See 1 Corbin on Contracts § 4.7 (1993).

[2] *Pine Valley Apts. Ltd. Partnership*, 143 Ga. App. at 245, quoting 17 AmJur2d 418, Contracts, § 78.