### A06A2308. CHONG v. REEBAA CONSTRUCTION COMPANY, INC.
(665 SE2d 435)

BERNES, Judge.

In *Reebaa Constr. Co. v. Chong*, 283 Ga. 222 (657 SE2d 826) (2008), the Supreme Court reversed Division 1 of our previous decision in this case and held that sufficient evidence supported the jury's verdict in favor of Reebaa Construction's breach of contract claim. See *Chong v. Reebaa Constr. Co.*, 284 Ga. App. 830, 832-833 (1) (a) (645 SE2d 47) (2007).[1]

1. Accordingly, our prior judgment in Division 1 is vacated, the judgment of the Supreme Court is made the judgment of this Court, and the judgment of the trial court is affirmed.

2. The Supreme Court remanded for our consideration the issue of whether the jury's attorney fees award to Reebaa Construction was authorized pursuant to OCGA § 13-6-11. *Chong*, 283 Ga. at 224 (3). Expenses of litigation are allowed pursuant to OCGA § 13-6-11 "where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense."

Reebaa Construction alleged in its complaint that Chong was liable for expenses of litigation as a result of his bad faith during the transaction. The bad faith authorizing recovery under OCGA § 13-6-11 relates to the defendant's conduct during the subject transaction prior to litigation, not to conduct in defending the litigation. *Driggers v. Campbell*, 247 Ga. App. 300, 304 (4) (543 SE2d 787) (2000). "If there is bad faith in the making or performance of the contract, attorney fees are authorized regardless of whether a bona fide controversy otherwise existed between the parties." (Citation and punctuation omitted.) *Rice v. Lost Mountain Homeowners Assn.*, 269 Ga. App. 351, 356 (5) (604 SE2d 215) (2004). Bad faith is a question for the jury and we will affirm an award of attorney fees

---

[1] Our prior decision involved cross-appeals under Case Nos. A06A2308 and A06A2309. The Supreme Court decision relates only to Case No. A06A2308.

based on the jury's determination of this issue if there is any evidence to support it. *Stargate Software Intl. v. Rumph*, 224 Ga. App. 873, 878 (4) (482 SE2d 498) (1997). See also *Bryan v. Brown Childs Realty Co.*, 252 Ga. App. 502, 507 (3) (556 SE2d 554) (2001).

Here, the evidence showed that after informing Wang, the president of Reebaa Construction, that "money was no object" and requesting numerous change orders and upgrades during the construction project, Chong subsequently refused to render payment for the changes and upgrades that he obtained. The evidence also showed that Chong, an immigration attorney, threatened to undermine the immigration case of Wang's brother as a means of coercing Wang's continued work on the project. Based upon this evidence, the jury was authorized to conclude that Chong acted in bad faith. As such, the jury's award of attorney fees was authorized.[2]

3. Chong contends the trial court erred in failing to grant his motion for new trial based on an alleged discovery violation arising from Wang's use of notes during his testimony at trial.[3] Chong failed to interpose a timely objection when Wang referred to and used the notes at trial. Thus, this issue has not been preserved for appeal. *Moss v. Weiss*, 275 Ga. App. 690, 693 (3) (621 SE2d 807) (2005); *Boatwright v. Eddings*, 180 Ga. App. 742 (350 SE2d 291) (1986). See also *Kines v. State*, 67 Ga. App. 314 (1) (20 SE2d 89) (1942).

*Judgment affirmed. Barnes, C. J., and Andrews, J., concur.*

DECIDED JULY 16, 2008.

*Christopher G. Moorman, Louis B. Stout, J. Hue Henry, David W. Griffeth*, for appellant.

*Freeman, Mathis & Gary, T. Bart Gary, Neil L. Wilcove, Richard C. Freeman III*, for appellee.

---

[2] Following remand of this case from the Supreme Court, Chong filed a supplemental appellate brief raising issues relating to the amount of the attorney fees award. Chong failed to raise these issues in the trial court and in his original enumeration of errors filed in this Court. Thus, these issues have not been preserved for appeal. See *Davis v. Whitford Properties*, 282 Ga. App. 143, 147 (2) (637 SE2d 849) (2006); *MOM Corp. v. Chattahoochee Bank*, 203 Ga. App. 847, 849 (3) (418 SE2d 74) (1992).

[3] In our prior decision, we did not address this claim because it became moot upon our reversal in Division 1. *Chong*, 284 Ga. App. at 834 (2). "After the Supreme Court has reversed this Court on one or more issues, it is the responsibility of this Court then to determine the impact of the reversal on our previous decision and to resolve any reopened issues." *St. Paul Reinsurance Co. v. Ross*, 276 Ga. App. 135, 136, n. 1 (622 SE2d 374) (2005).