**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**May 18, 2021**

# In the Court of Appeals of Georgia

A21A0155. COURTESY FORD, INC. et al. v. CAMPBELL et al.

REESE, Judge.

This case arises from a 2018 motor-vehicle collision in which Robert Young, allegedly an employee of Courtesy Ford, rear-ended Todd Campbell. Campbell filed suit against Courtesy Ford and Robert Young (collectively, "the Appellants") claiming that the collision resulted in serious physical injuries and negatively impacted his employment. The Appellants filed two motions pursuant to OCGA § 9-11-35 requesting that Campbell be compelled to undergo Independent Medical Examinations ("IMEs") to assess his symptoms. The trial court denied these motions, but certified its order for immediate review. We granted the Appellants' application for an interlocutory appeal, and for the reasons set forth infra, we affirm the trial court's ruling.

Viewing the facts in the light most favorable to the party seeking to compel discovery,[1] the record shows the following. In 2018, Campbell was driving on Interstate 285 in heavy traffic when Young hit his car from behind. Campbell alleged that he hit his head during the collision. Although he refused medical assistance at the scene, later that day he went to the emergency room of Emory St. Joseph's Hospital of Atlanta because, according to Campbell, he was confused and experiencing difficulty speaking. The attending physician noted that his CT and neurological exam were both unremarkable, but Campbell was later diagnosed with a concussion.

Following the collision, Campbell was treated at the Shepherd Center's Complex Concussion Clinic ("the Shepherd Center"). He has claimed to have difficulty, inter alia, with memory loss, headaches, speaking, concentration, and light and noise sensitivity. Campbell also lost his job as Vice President of IT Enterprise Systems following the incident, which he has alleged was due to symptoms resulting from the collision.

Campbell and his wife filed a negligence suit against the Appellants seeking various damages. The Appellants filed motions to compel Campbell to undergo IMEs, specifically neuropsychological tests and a "RightEye EyeQ" test, which the

---

[1] See *McMillian v. McMillian*, 310 Ga. App. 735, 736 (713 SE2d 920) (2011).

Appellants allege is a brief (approximately five-minute) exam that analyzes eye movement to determine if the patient has symptoms of a traumatic brain injury. The court held a hearing on the Appellants' motions, and issued an order denying them. This interlocutory appeal followed.

> The grant or denial of a motion requesting [a mental or physical] examination rests in the sound discretion of the trial court. This court has repeatedly held that it will not reverse a trial court's decision on discovery matters absent a clear abuse of discretion. An order for the physical or mental examination of an individual pursuant to OCGA § 9-11-35 is a discovery matter.[2]

With these guiding principles in mind, we turn now to the Appellants' claim of error.

The Appellants allege the trial court abused its discretion in finding that good cause did not exist to require Campbell to undergo the IMEs. We disagree.

OCGA § 9-11-35 (a) states,

When the mental or physical condition . . . of a party[ ] . . . is in controversy, the court in which the action is pending may order the party to submit to a physical examination by a physician or to submit to a mental examination by a physician or a licensed psychologist[.] The order may be made only on motion for good cause shown and upon

---

[2] *Morris v. Turnkey Med. Eng.*, 317 Ga. App. 295, 301 (2) (a) (729 SE2d 665) (2012) (punctuation and footnotes omitted).

notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

In interpreting this statute, this Court has noted that "a plaintiff in a negligence action who asserts mental or physical injury, places that mental or physical injury clearly in controversy and provides the *defendant* with good cause for an examination to determine the existence and extent of such asserted injury."[3] However, this Court has also stated that

> [b]y the statute's clear terms the granting of an order for physical examination is permissive, not mandatory, and may be entered only for good cause shown. What is sufficient to fulfill that criterion rests in the broad discretion of the trial judge. A relevant factor in this determination is the ability of the movant to obtain the desired information by other means.[4]

Here, Campbell has undergone treatment for over two years and accumulated multiple medical records from his doctors at the Shepherd Center. As this Court has held previously, a trial court does not abuse its broad discretion in denying a motion

---

[3] *Morris*, 317 Ga. App. at 300 (2) (a) (punctuation and footnote omitted).

[4] *Metro. Life Ins. Co. v. Lehmann*, 125 Ga. App. 539, 540 (188 SE2d 393) (1972) (citations and punctuation omitted).

for examination when medical records are available to the defendant.[5] Therefore, in light of the record and the trial court's "broad discretion in granting or denying a motion under OCGA § 9-11-35 and in determining whether or not 'good cause' has been shown[,]"[6] we hold the trial did not abuse its discretion in denying the Appellants' motions for IMEs.

*Judgment affirmed. Doyle, P. J., and Brown, J., concur.*

---

[5] *Prevost v. Taylor*, 196 Ga. App. 368, 367 (396 SE2d 17) (1990) ("The record shows the medical records for all treatment received by plaintiff after the surgery performed by defendant were available to defendant. Thus, the trial court did not abuse its broad discretion in denying defendant's motion."), overruled, in part, on other grounds by *Johnson v. Riverdale Anesthesia Assoc.*, 275 Ga. 240, 242 (1) n.8 (563 SE2d 431) (2002).

[6] *Roberts v. Forte Hotels*, 227 Ga. App. 471, 475 (489 SE2d 540) (1997) (citation and punctuation omitted).