**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**RICKMAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**June 17, 2021**

# In the Court of Appeals of Georgia

A21A0461. POVERTY DESTROYED FOREVER, LLC. v. VISIO FINANCIAL SERVICES, INC. et al.

MCFADDEN, Chief Judge.

After Poverty Destroyed Forever, LLC defaulted on two loans made by Visio Financial Services, Inc., Visio foreclosed on the two properties securing the loans but sent the foreclosure notices to the wrong address. On the basis of those deficient notices, Poverty Destroyed filed this wrongful foreclosure action against Visio and MBank, Inc., the loan servicer. The case proceeded to trial. Because Poverty Destroyed sought damages for one of the foreclosures, a jury decided the issues related to that foreclosure and returned a verdict in favor of Poverty Destroyed. Because Poverty Destroyed sought to set aside the other foreclosure, an equitable

remedy, the trial court decided the issues related to that foreclosure, ruling in favor of the defendants.

Poverty Destroyed filed this appeal, raising two arguments. Poverty Destroyed argues that the trial court erred in granting the defendants' motion for directed verdict on its claim for punitive damages in the jury trial. But as the evidence established ordinary negligence at most, the trial court did not err. Poverty Destroyed argues that the trial court erred in ruling that, it could not have the foreclosure set aside because it had not tendered the amount due. The trial court did not err because the deficient notice of foreclosure did not eliminate the tender requirement. So we affirm.

1. *Factual and procedural background.*

The record shows that Visio made two loans to Poverty Destroyed. The loans were secured by two parcels of real property: 108 Welch Street and 60 Glenn Burnie Drive. Poverty Destroyed defaulted on the loans and Visio foreclosed on the two properties. Although Poverty Destroyed had notified the defendants of a changed address for sending notices, the defendants sent the foreclosure notices to a former address (as well as the property addresses).

Poverty Destroyed filed this lawsuit for wrongful foreclosure on the ground that the defendants violated OCGA § 44-14-162.2, which requires that a debtor be

given 30 days' notice prior to a non-judicial foreclosure sale, by failing to send notice of the foreclosures to the address it had designated. The case proceeded to trial.

Poverty Destroyed elected to seek compensatory and punitive damages for wrongful foreclosure of the Glen Burnie property, and its claim was decided by a jury. At the close of Poverty Destroyed's presentation of evidence, the trial court granted the defendants' motion for directed verdict on Poverty Destroyed's claim for punitive damages. The jury returned a verdict in Poverty Destroyed's favor on the claim for compensatory damages, awarding $7,000.

Poverty Destroyed elected to seek to set aside the foreclosure of the Welch Street property. As this was an equitable claim, the claim was decided by the trial court after the jury trial. The trial court denied Poverty Destroyed's claim on the ground that it had not tendered the amount due to Visio.

Poverty Destroyed filed this appeal.

2. *Punitive damages*.

Poverty Destroyed argues that the trial court erred by granting the defendants' motion for directed verdict on its claim for punitive damages as to the foreclosure of the Glen Burnie property because there was ample evidence of the defendants' entire

want of care so as to raise the presumption of conscious indifference to consequences. We disagree.

The purpose of punitive damages under Georgia law is "to punish, penalize, or deter a defendant." OCGA § 51-12-5.1 (c). Punitive damages may be assessed when "it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." OCGA § 51-12-5.1 (b).

A trial court shall direct a verdict "[i]f there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. . . ." OCGA § 9-11-50 (a). "In reviewing the grant of a motion for a directed verdict, this [c]ourt applies the 'any evidence' test and construes the evidence in the light most favorable to the losing party." *Cottrell v. Smith*, 299 Ga. 517, 518 (I) (788 SE2d 772) (2016). However, in the case of punitive damages, the "any evidence" test must be applied in conjunction with the requirement under OCGA § 51-12-5.1 (b) that the evidence be "clear and convincing." *COMCAST Corp. v. Warren*, 286 Ga. App. 835, 839-840 (2) (650 SE2d 307) (2007). See also *Uniroyal Goodrich Tire Co. v. Ford*, 218 Ga. App. 248, 255 (3)

(b) n.2 (461 SE2d 877) (1995) (physical precedent only), rev'd in part on other grounds, *Ford v. Uniroyal Goodrich Tire Co.*, 267 Ga. 226 (476 SE2d 565) (1996) ("Although cases also hold that the 'any evidence' rule is the standard of appellate review of the trial court's [ruling on] a motion for a directed verdict, . . . [i]n the case of punitive damages, the standard of review must . . . be applied in conjunction with the requirement under OCGA § 51-12-5.1 (b) that the evidence must be 'clear and convincing.'"). "Clear and convincing evidence is an intermediate standard of proof, requiring a higher minimum level of proof than the preponderance of the evidence standard, but less than that required for proof beyond a reasonable doubt." *Ambling Mgmt. Co. v. Purdy*, 283 Ga. App. 21, 32 (7) (640 SE2d 620) (2006) (citation and punctuation omitted).

So viewed, the evidence related to Poverty Destroyed's claim for punitive damages is that on June 26, 2015, Poverty Destroyed's managing partner sent the defendants letters notifying them of a change in the address to which they should send all correspondence. On December 10, 2015, MBank sent Poverty Destroyed a letter to that changed address. Eighteen days later, the defendants sent Poverty Destroyed foreclosure notices to the addresses designated in the promissory notes and to the property addresses. But they did not send foreclosure notices to the changed address.

However, Poverty Destroyed's managing partner communicated by email and telephone with the foreclosing attorney throughout the process, attempting to negotiate with Visio. The attorney forwarded Poverty Destroyed's proposals to settle the debt to the lender, including a proposal for Visio to forgive certain fees; she conveyed to Poverty Destroyed the lender's responses; and she kept Poverty Destroyed apprised of the process, including notifying the managing partner that she anticipated the foreclosure sale would occur February 2, 2016, the date that it, in fact, occurred.

"[C]onstruing the evidence of record most favorably for [Poverty Destroyed], the acts committed by [the defendants] were, at most, negligent breaches of the duties owed as grantee [and loan servicer] under the deeds to secure debt. . . ." *Tower Financial Svcs. v. Smith*, 204 Ga. App. 910, 918 (5) (423 SE2d 257) (1992). "However, negligence, even gross negligence, is inadequate to support a punitive damage award. . . . (S)omething more than the mere commission of a tort is always required for punitive damages. There must be circumstances of aggravation or outrage." *Ivey v. Golden Key Realty*, 200 Ga. App. 545 (1) (408 SE2d 811) (1991) (citations and punctuation omitted). But the record evidence did not

6

raise a reasonable issue as to whether [the defendants'] acts amounted to "clear and convincing evidence that the defendant[s'] actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." OCGA § 51-12-5.1 (b). It follows that the trial court did not err when it granted a directed verdict as to punitive damages.

*Puckette v. John Bailey Pontiac-Buick-GMC Truck*, 311 Ga. App. 138, 140, (3) (714 SE2d 750) (2011). See also *Shuler v. Bank of America*, 2016 U.S. Dist. LEXIS 195174, at *49-50 (III) (H) (N.D. Ga. 2016) (granting summary judgment to defendants on plaintiff's claim for punitive damages because even if plaintiff had a viable tort claim for wrongful attempted foreclosure, "her evidence, at best, indicate[d] that [d]efendants simply were negligent in servicing her loan, and [under Georgia law,] negligence—even gross negligence—is insufficient to support a punitive damages award."). Cf. *First Union Nat. Bank of Ga. v. Cook*, 223 Ga. App. 374, 379 (8) (477 SE2d 649) (1996) (reversing grant of directed verdict on claim for punitive damages in wrongful foreclosure action because, although security deed had been marked paid, defendant pursued foreclosure in accordance with its "policy of foreclose first and ask questions later"); *Decatur Investments Co. v. McWilliams*, 162 Ga. App. 181, 182 (2) (290 SE2d 526) (1982) (affirming award of punitive damages

in wrongful foreclosure action where defendants kept surplus funds from the foreclosure of a security deed instead of distributing the surplus funds to the plaintiffs after satisfaction of plaintiffs' obligations).

3. *Tender*.

Poverty Destroyed argues that the trial court erred by finding that its claim to set aside the foreclosure of the Welch Street property was barred by its failure to tender the amount owed to Visio. We disagree.

"In reviewing a judgment entered in a bench trial, we construe the evidence in favor of the judgment and the court's factual findings will not be disturbed when supported by any evidence. We owe no deference, however, to the court's legal analysis which is subject to de novo review." *Wright v. Piedmont Property Owners Assn.*, 288 Ga. App. 261, 262 (653 SE2d 846) (2007) (citation and punctuation omitted).

Poverty Destroyed concedes that, generally, "[b]efore one who has given a deed to secure his debt can have set aside in equity a sale by the creditor in exercise of the power conferred by the deed, . . . he must pay or tender to the creditor the amount of principal and interest due." *Hill v. Filsoof*, 274 Ga. App. 474, 475 (1) (618 SE2d 12) (2005) (citation and punctuation omitted). Poverty Destroyed argues,

8

however, that it was excused from tendering the amount due because the defendants failed to send the foreclosure notice to the address Poverty Destroyed had designated. Our Supreme Court has held that this kind of act does not excuse tender.

"[I]n a typical wrongful foreclosure action, the plaintiff is required to tender the amount due under the security deed and note in order to maintain an action in equity." *Metro Atlanta Task Force for the Homeless v. Ichthus Community Trust*, 298 Ga. 221, 236 (4) (a) (780 SE2d 311) (2015). Georgia courts have provided an exception to the tender requirement when there are allegations that the opposing party's tortious conduct prevented the plaintiff from tendering payment. See id. at 236-237 (4) (a). The exception, however, is not available "where a party [seeks] to excuse its failure to tender on grounds like poverty, non-compliance with foreclosure procedures, or other acts not involving tortious interference with the funds that would potentially comprise the tender itself." Id. at 237 (4) (a).

Poverty Destroyed's case is "a typical wrongful foreclosure action," *Metro Atlanta Task Force for the Homeless*, 298 Ga. at 236 (4) (a), based on the defendants' "non-compliance with foreclosure procedures." Id. at 237 (4) (a). Poverty Destroyed did not allege, much less prove, that the defendants tortiously interfered with the funds that would comprise the tender itself. It argues only that tender was excused

9

because of the defendants' failure to give notice in compliance with the statute. This is insufficient to excuse tender. *Dip Lending I, LLC v. Cleveland Ave. Properties, LLC*, 345 Ga. App. 155, 157-158 (1) (a), 160 (2) (812 SE2d 532) (2018) (despite the lender's failure to send foreclosure notices in compliance with OCGA § 44-14-162.2, the borrower was not entitled to the equitable remedy of setting aside the foreclosure because the borrower failed to tender the amount due under the security deed and note). See also *Mickel v. Pickett*, 241 Ga. 528, 537-538 (9) (247 SE2d 82) (1978) ("To enjoin a foreclosure proceeding a borrower must tender the amounts admittedly due even though it claims that the lender has breached some independent covenant in the contract.")

*Judgment affirmed. Rickman, P. J., and Senior Appellate Judge Herbert E. Phipps concur.*